**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2831-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY KIDD, a/k/a JABAR,
and TIMOTHY MOORE,

    Defendant-Appellant.

_____

Submitted May 28, 2019 – Decided July 8, 2019

Before Judges Fasciale and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 02-11-1492.

Anthony Kidd, appellant pro se.

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Juda Babuschak Opacki, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Anthony Kidd appeals from the January 19, 2018 Law Division order, denying in part his pro se motion to correct an illegal sentence. Because defendant also raised ineffective assistance of counsel claims, his motion may also be characterized as his second petition for post-conviction relief (PCR). For the reasons that follow, we affirm for the reasons expressed by the motion judge, but remand for the correction of the Judgment of Conviction (JOC).

We briefly recount the procedural history of defendant's case to lend context to the issues that are the subject of this appeal. Following a jury trial, defendant was convicted of second-degree eluding, N.J.S.A. 2C:29-2(b) (count one); two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (counts three and seven); two counts of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (counts four and eight); two counts of fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (counts five and nine); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count ten); two counts of fourth-degree tampering with evidence, N.J.S.A. 2C:28-6(1) (counts eleven and thirteen); and second-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7(a) (count twelve).[1] Defendant was acquitted of two

---

[1] The conviction for the certain persons charge followed a bifurcated trial before the same jury.

A-2831-17T4

counts of first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3(a) (counts two and six).

The convictions stemmed from defendant, who was wanted for questioning by Pennsylvania authorities, eluding police in a dangerous high-speed chase on snow-covered roads. Defendant eventually exited his vehicle after it fishtailed, immediately fired at two nearby officers, and fled on foot. Evidence recovered at the scene, including a jacket containing dry cleaning receipts, ultimately led to defendant's apprehension.

After appropriate mergers, defendant was sentenced to an aggregate term of forty-seven years' imprisonment with twenty-eight-and-one-half years of parole ineligibility. On his direct appeal, we affirmed the convictions, but remanded for resentencing pursuant to State v. Natale, 184 N.J. 458 (2005), and its progeny. State v. Kidd, No. A-2487-03 (App. Div. Sept. 28, 2005), certif. denied, 185 N.J. 392 (2005). After he was re-sentenced, we again remanded to allow defendant the right of allocution in an order entered July 5, 2007, pursuant to our Excessive Sentence Oral Argument calendar. See R. 2:9-11. At the second re-sentencing hearing conducted on January 8, 2008, the trial court

imposed an aggregate sentence of forty-seven years with "[twenty-seven] years without parole eligibility."[2]

Defendant filed a timely petition for PCR, alleging numerous claims of trial error and ineffective assistance of trial and appellate counsel. His petition was denied without an evidentiary hearing, and we affirmed that decision. State v. Kidd, No. A-4234-12 (App. Div. May 14, 2015), certif. denied, 223 N.J. 281 (2015).

On January 6, 2016, defendant filed the motion that is the subject of this appeal[3] to correct an illegal sentence pursuant to Rule 3:21-10.[4] According to the motion judge, defendant argued that his sentence was illegal because "the

---

[2] The aggregate twenty-seven-year period of parole ineligibility recorded on the JOC resulted from an inadvertent miscalculation by the court that was later corrected when defendant filed the instant motion.

[3] Defendant did not include the motion papers associated with this motion in the record. See R. 2:6-1(a)(1). We therefore rely on the motion judge's description.

[4] Rule 3:21-10(b) provides, in part, that "[a] motion may be filed and an order may be entered at any time . . . changing a sentence as authorized by the Code of Criminal Justice, or . . . correcting a sentence not authorized by law including the Code of Criminal Justice[.]" "We usually refer to an 'illegal' sentence in terms of one which is not consistent with the dictates of the controlling statute, although a defendant can also challenge a sentence because it was imposed without regard to some constitutional safeguard or procedural requirement." State v. Tavares, 286 N.J. Super. 610, 618 (App. Div. 1996).

sentence imposed in the [JOC was] not supported by the record" and "counsel was ineffective" for failing to object to the trial court's jury instruction on "the possession of a weapon charge."

In a January 19, 2018 written decision, the judge "agree[d] that [defendant's] sentence [was] not supported by the record." The judge explained:

> At your January 8, 2008 resentencing, the [trial court] sentenced you to an aggregate prison term of [forty-seven] years with [twenty-three] years of minimum parole ineligibility. You received a term of imprisonment of [twenty] years with [ten] years minimum parole ineligibility on [c]ount three (second[-]degree aggravated assault upon Lieutenant William Wittmer);[5] and a [ten]-year term of imprisonment with [five] years minimum parole ineligibility on [c]ount seven (second[-]degree aggravated assault upon Patrolman Raoul Villera); a [ten]-year term of imprisonment with [five] years minimum parole ineligibility on [c]ount one (second[-]degree eluding); and a [seven]-year term of imprisonment with [three] years minimum parole ineligibility on [c]ount twelve (second[-]degree certain person not to possess a firearm). These sentences [were] to run consecutively. You were also sentenced to [eighteen] months of incarceration for [c]ounts [eleven] and [fourteen (fourth-degree tampering with evidence)], which were to run concurrently with all other sentences.

---

[5] This sentence was an extended term imposed pursuant to N.J.S.A. 2C:44-3(a).

The judge continued that after merging the lesser-included aggravated assault counts and the possession of a weapon for an unlawful purpose count into the second-degree aggravated assault counts,

> [y]our [JOC] reflects an aggregate sentence of [forty-seven] years with [twenty-seven] years minimum parole ineligibility. This sentence is inconsistent with the sentence that was imposed at your resentencing hearing. Accordingly, your January 8, 2008 [JOC] . . . has been corrected to impose an aggregate term of [forty-seven] years of imprisonment with [twenty-three] years of parole ineligibility.

Turning to defendant's second claim asserting ineffective assistance of counsel by failing to object to a purported erroneous jury charge, the judge denied the claim on procedural grounds, "point[ing] out that [the] claim could have been raised in [defendant's] direct appeal or in [his] prior petition[] for [PCR]." See State v. Marshall, 148 N.J. 89, 144 (1997) ("Rule 3:22-4 essentially bars all grounds for post-conviction relief that reasonably could have been raised in a prior proceeding.").

The judge also denied the claim on the merits, finding defendant failed to establish a prima facie case of ineffective assistance of counsel (IAC) under the

standard formulated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).[6]

The judge explained:

> You contend that "[c]ounsel was ineffective for fail[ing] to argue that [the] trial court committed reversible error by failing to instruct the jury [on] all four material elements to the possession of a weapon charge." You contend that the trial court omitted element four, "defendant's purpose was to use the firearm unlawfully." However, your assertion is erroneous. The trial court charged the jury that it must find "[t]hat the defendant's purpose was to use the firearm unlawfully." Thus, the trial court included this material element in its jury instructions for the weapons charge.
>
> . . . Because the trial court instructed the jury on the material element on the "unlawful use of the firearm," counsel did not have an obligation to object to the jury instructions. In other words, counsel cannot be ineffective for failing to object to instructions that clearly included all the material elements of the charge. Thus, you have not satisfied the first prong of the <u>Strickland</u> test and failed to demonstrate a prima facie claim for relief.

The judge entered a memorializing order and issued a corrected JOC, and this appeal followed.

---

[6] To prevail on a claim of IAC, a defendant must satisfy a two-part test. Specifically, the defendant must show that his attorney's performance was deficient and that the "deficient performance prejudiced the defense." <u>Strickland</u>, 466 U.S. at 687. <u>See</u> <u>State v. Fritz</u>, 105 N.J. 42, 49-53 (1987) (adopting the <u>Strickland</u> two-part test for IAC claims).

A-2831-17T4

On appeal, defendant raises the following points for our consideration:

I. THE [JOC] IS INCONSISTENT WITH THE JANUARY []8, 2008 RESENTENCING TRANSCRIPT[.]

II. THE LAW DIVISION FAILED TO COMPLY WITH NEW JERSEY COURT [RULES] 1:21-1, 3:21-4(B)[,] AND 3:21-10(C) (NOT RAISED BELOW)[.]

III. THE LAW DIVISION CONVICTED [DEFENDANT] ON A[N] OFFENSE NOT CHARGED IN THE INDICTMENT[] (NOT RAISED BELOW[).]

IV. [DEFENDANT'S] SENTENC[ING] PROCEEDING[] WAS CONDUCTED IN VIOLATION OF THE CONSTITUTION OF THE UNITED STATES[.]

V. THE HARMLESS ERROR RULE IS UNCONSTITUTIONAL AS APPLIED TO [DEFENDANT] IN THIS CASE[] (NOT RAISED BELOW[).]

VI. NEW JERSEY PRACTICES AND PROCEDURES OF EXCLUDING TRIAL ERRORS AS MITIGATION ARE INVALID AS APPLIED[] (NOT RAISED BELOW[).]

VII. [DEFENDANT] WAS PROSECUTED AND PUNISHED MORE THAN ONCE FOR THE SAME OFFENSE[] (NOT RAISED BELOW[).]

We address only the two claims presented to the judge and will not

consider defendant's remaining arguments, presented for the first time on appeal,

8

because they are neither jurisdictional in nature nor do they substantially implicate the public interest. See State v. Robinson, 200 N.J. 1, 20 (2009) (stating that it is a well-settled principle "that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest" (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))).

On appeal, defendant renews his argument that trial counsel was ineffective by failing to object when the trial court "relieved the [S]tate of its burden by not charging the [f]ourth [e]lement [of possession of a firearm for an unlawful purpose] to the jury[.]" We disagree.

We review the legal conclusions of a PCR court de novo, and, where an evidentiary hearing has not been held, it is within our authority to "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Harris, 181 N.J. 391, 419-21 (2004) (emphasis omitted). To support a claim of ineffective assistance of counsel, a defendant must prove both prongs of the Strickland/Fritz two-part test by a preponderance of the evidence, State v. Holland, 449 N.J. Super. 427, 434 (App. Div. 2017), and has a high bar to "overcome [the] 'strong presumption' that counsel exercised 'reasonable

professional judgment' and 'sound trial strategy' in fulfilling his responsibilities." State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Hess, 207 N.J. 123, 147 (2011)). Moreover, "[p]rocedural bars exist in order to promote finality in judicial proceedings." State v. McQuaid, 147 N.J. 464, 483 (1997). Thus, subject to limited exceptions, "Rule 3:22-4 imposes a procedural bar to prevent claims from being raised on PCR that reasonably could have been raised on direct appeal." Ibid. Applying these principles, we reject defendant's claim of IAC, both procedurally and on the merits, for the reasons expressed by the judge.

Relying on State v. Pohlabel, 40 N.J. Super. 416 (App. Div. 1956), defendant also argues that "[r]econstruction of the record" is required "because the forty[-]seven[-]year[] prison term with a twenty[-]seven[-]year mandatory minimum parole ineligibility in the January []8, 2008 resentencing transcript[,] . . . as acknowledge[d] by the Law Division [j]udge in his January 19, 2018 [o]pinion . . . , does not accurately reflect the proceedings." Further, defendant asserts the judge violated Rule 3:21-4(b) by changing his sentence without him or the prosecutor "being present," or defendant being "allowed to [a]llocute[.]"

Rule 3:21-4(b) provides that a

> [s]entence shall not be imposed unless the defendant is present or has filed a written waiver of the right to be present. Before imposing sentence[,] the court shall address the defendant personally and ask the defendant if he or she wishes to make a statement in his or her own behalf and to present any information in mitigation of punishment. The defendant may answer personally or by his or her attorney.

This right extends to resentencing proceedings, where a defendant is entitled to allocution. Tavares, 286 N.J. Super. at 616.

In Pohlabel, we explained that "where there is a conflict between the oral sentence and the written commitment, the former will control if clearly stated and adequately shown, since it is the true source of the sentence, instead of the latter which is merely the work of a clerk." 40 N.J. Super. at 423. We therefore held that to the extent there is a conflict between the oral sentence and the written commitment, the latter "must be regarded as a clerical mistake, subject to correction by the court, with or without notice[.]" Ibid. We reasoned that in those circumstances, "there was no occasion for notice" because the correction would not "impair[] any substantive right of the defendant," and "because it merely conformed the official record with the oral sentence imposed in the first instance[.]" Ibid. Accord State v. Walker, 322 N.J. Super. 535, 556 (App. Div. 1999); State v. Vasquez, 374 N.J. Super. 252, 270 (App. Div. 2005).

A-2831-17T4

Here, we agree with the motion judge that the transcribed remarks of the sentencing judge clearly demonstrate that the aggregate sentence imposed at the January 8, 2008 resentencing hearing was forty-seven years of imprisonment with twenty-three years of parole ineligibility. Therefore, the aggregate twenty-seven years of parole ineligibility, mistakenly referenced by the sentencing judge at the end of the proceeding and thereafter recorded in the JOC, was a clerical mistake, subject to correction by the motion judge without notice as occurred here. Indeed, in these circumstances, "a mere 'ministerial act' . . . sufficed to amend the judgment." Tavares, 286 N.J. Super. at 616.

However, we do agree with defendant and the State that the corrected JOC mistakenly reflects that defendant was also indicted for murder in counts two and six, instead of attempted murder. We therefore remand the matter to again correct the JOC to accurately reflect the charges.

To the extent we have not addressed a particular argument, it is because either our disposition makes it unnecessary or the argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). Likewise, we decline to consider the new or expanded arguments raised by defendant in his reply brief. See State v. Smith, 55 N.J. 476, 488 (1970) (stating that a party is not permitted to use a reply brief to enlarge his main argument or advance a new

A-2831-17T4

argument); see also Borough of Berlin v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001) ("Raising an issue for the first time in a reply brief is improper.").

Affirmed in part and remanded in part to correct the JOC consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2831-17T4