286 N.J. Super. 610 (1996)
670 A.2d 61
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOSE TAVARES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1995.
Decided January 24, 1996.
*612 Before Judges STERN, WALLACE and NEWMAN.
Steven J. Kaflowitz, Special Deputy Attorney General, Acting Union County Assistant Prosecutor, argued the cause for appellant (Edward M. Neafsey, Assistant Attorney General, Acting Union County Prosecutor, attorney; Mr. Kaflowitz, of counsel and on the letter brief).
Abby Schwartz, Assistant Deputy Public Defender, argued the cause for respondent (Susan L. Reisner, Public Defender, attorney; Ms. Schwartz, of counsel and on the letter brief).
The opinion of the court was delivered by STERN, J.A.D.
On October 28, 1991, defendant pled guilty to two counts of second degree sexual assault by virtue of sexual contact with children under thirteen years of age, contrary to N.J.S.A. 2C:14-2b, in exchange for a recommendation that he receive two consecutive sentences of eight years with three years before parole eligibility on each charge. At the time of plea defendant was told "the maximum the judge can give you is sixteen years in jail with a six year parole ineligibility" term which might have to be served at the Adult Diagnostic and Treatment Center at Avenel.
Defendant, at age thirty-four, was sentenced on April 3, 1992 to two indeterminate terms at the Adult Diagnostic and Treatment *613 Center at Avenel for a period not to exceed eight years each. The terms were made to run consecutively. Defendant appealed, and in our order of May 11, 1994, we stated:
that the sentence is illegal and not one authorized by law for the reasons that the court imposed indeterminate terms to Avenel. The sentence is vacated and the matter is remanded to the trial court for imposition of a proper sentence. R. 2:10-3. Although we find that the imposition of consecutive terms to Avenel does not violate State v. Yarbough, we caution the judge to explore the consequences of imposing two Avenel terms for a fixed number of years, to determine whether the result is in keeping with the judge's sentencing goals.
The State did not seek further review of the order and does not question what was said therein.
On June 13, 1994, the trial judge, in chambers and without any proceedings on the record, imposed two concurrent eight year terms at Avenel. The prosecutor and defense counsel learned about the amended judgment shortly after it was entered when inquiries were made about the date to be set for resentencing.
On October 28, 1994 the State moved for reconsideration of defendant's sentence. In paragraph nine of her affidavit accompanying the motion, the Assistant Prosecutor who represented the State at the time of plea and sentence, stated:
The first time I learned of the involvement of the Appellate Division or any appeal related to Mr. Tavares was when I received a letter from Donna Wrenn, Esq. [defense counsel] dated June 9, 1994 (attached) in which she asked your Honor to conference this matter with herself and the State. I do not know if Your Honor read or was aware of the letter from Ms. Wrenn. However, Your Honor did proceed to resentence Mr. Tavares on June 13, 1994, four days after Ms. Wrenn's letter was, I assume, mailed from her office. Shortly after I received Ms. Wrenn's letter, I telephoned Ms. Wrenn to discuss Mr. Tavares' case and learned, at that time, that she had telephoned your office and discovered that Mr. Tavares had been resentenced. At the present time, the State brings this Motion for Your Honor to reconsider the sentence imposed upon Mr. Tavares on June 13, 1994, and to require Your Honor to resentence Mr. Tavares to consecutive sentences to the ADTC, which was the original sentence imposed upon the defendant by Your Honor on April 3, 1992.
The motion was argued on January 20, 1995 and carried by the judge so that the parties could "brief the effect of my in-camera action in this matter without the input of the State, the victim, the defendant or defense attorney." In its brief, the State urged that the resentencing was conducted in violation of R. 1:2-1 and was, *614 thus, "null and void." The State therefore asserted that the amended sentence was illegal and could be corrected "at any time."
In her brief in opposition to the State's Motion for Reconsideration, defense counsel argued that the sentence was not "illegal." In the brief counsel also wrote:
On June 13, 1994, Your Honor resentenced Mr. Tavares to two concurrent 8 year flat terms to the Adult Diagnostic Treatment Center. Shortly thereafter, a conference was held with Your Honor, Assistant Prosecutor Regina Caulfield and myself. It is my recollection that at that time, Your Honor indicated that the sentence stands and that if the State objected they would have to file an appeal On October 28, 1994, the State filed a motion for reconsideration of sentence.
........
If the State disagrees with Your Honor's procedure, the proper forum to correct this error would have been to file an appeal to the Appellate Division of the Superior Court. The State was aware of the sentence in June of 1994 and they failed to file an appeal within the allotted time period. What the State is asking Your Honor to do is, in effect, to act as the Appellate Court and appeal its own ruling.
Another issue raised by the State in its supplemental brief is that Mr. Tavares may have relied on the new sentence for only two weeks. This is incorrect. I sent a letter along with a copy of the amended judgment of conviction to Mr. Tavares on June 24, 1994. I did not notify Mr. Tavares of my conference with Your Honor and Assistant Prosecutor Caulfield because Your Honor indicated that the sentence stands and that if the State objected they could appeal. It wasn't until Friday, October 28, 1994, that I received the State's motion for reconsideration of sentence. A copy was sent to Mr. Tavares on Monday, October 31, 1994. Therefore, Mr. Tavares relied on Your Honor's June sentence for over 4 months.
The judge denied the State's motion. He stated that his in camera resentencing was a "ministerial task," that he had similarly reconsidered sentences on remand in the past without objection, that R. 1:2-1 did not render the resentencing "a nullity" and that:
I think I re-sentenced the defendant consistent with the dictates of the Appellate Division. I don't think because the State did not receive notice of the resentencing a sentence could be null or void, because the State received notice at the time of the sentencing, the original sentencing, and the victims had an opportunity to appear at the time of the original sentencing to say to the Court whatever they wished to say. Nothing could be changed or added to what they wished to say or what the State wanted to say at the time of the original sentencing, other than suggest to the Court that the more appropriate sentence was a 16-year term instead of an 8-year term.

*615 If the State were to make that argument and/or the victims were to make that argument I would not have sentenced the defendant in any manner differently th[a]n I did when I re-sentenced him to the 8-year term because I felt that the 8-year term at Avenel was more  was closer to the intent, spirit, and letter of the original plea bargain. I will admit that for a period of time I erroneously was unaware of the change in the law, many years before I sentenced sexual offenders to an indeterminate term not to exceed 8 years at Avenel, which was inappropriate, but we all [] know that 8 years at Avenel is closer to 8 years then [sic] it is in State prison. 16 years at Avenel is going to be more than 8 years at Avenel, and the original sentencing contemplated an 8-year sentence. I don't think that the sentence is illegal.
Finally, the judge also stated:
Furthermore, I feel that the State's petition to this Court, at this juncture, is more in a sense of a petition for post conviction relief, which does not lie with the State, but only the defense, and that the State's action at the time it was originally offended or believed to have been offended would more  would more appropriately have been to appeal directly to the Appellate Division. I don't feel now because the State has taken what this Court conceives to be an improper procedural path that the 45 days from now would dictate the time period for the appeal. I think the State's time period for appeal has long expired. It expired at the time of 45 days after the re-sentencing in June of 1994.
By order dated June 15, 1995, the sentencing judge denied "the State's request that the proceedings of June 13, 1994, in which the Court resentenced the defendant to concurrent eight year sentences ... be declared null and void, and that said resentencing be conducted on the record, in open court, and with notice to all parties involved." The order of June 15, 1995 constituted a final judgment appealable as of right, if appealable at all. R. 2:2-3(a)(1); R. 2:3-1(b).
On this appeal from that order the State argues that
the manner in which the sentencing order was entered, that is, by stealth, was so devoid of any of the attributes of a judicial proceeding that it cannot be accorded legitimacy; that is, the trial court's secret order should be considered null and void and the sentence articulated therein is an illegal sentence.
The State also contends that the trial court did not have "jurisdiction" to impose the sentence it did because of the manner in which the sentencing proceedings were held in camera and off the record. The State's arguments are so premised because it acknowledges the double jeopardy limitations regarding appeals from a legal sentence and, independently, the statutory and Rule *616 authority governing appeals from a legal sentence imposed for second degree crimes. See N.J.S.A. 2C:44-1f(2); R. 2:3-1(b).
We reject the State's argument in these circumstances because it failed to challenge the sentence imposed on remand in a timely fashion.
The sentencing judge acted improperly in the way he resentenced the defendant. Our remand order did not require the sentencing judge to make a specific amendment or correction to the sentence imposed or resulting judgment. If we had directed a specific modification of the sentence or directed that the sentences be served concurrently, a mere "ministerial act" would have sufficed to amend the judgment. It is true, as suggested by the sentencing judge, that where we direct a specific modification to the sentence or judgment  such as ordering sentences to be served concurrently, directing merger or reducing the sentence to a specific term  the judge need only implement our judgment. No further proceedings would be required.
However where, as here, we remanded for resentencing  or where we direct reconsideration without directing the imposition of a specific sentence, the sentencing proceedings must be conducted anew. The parties may again present their positions in light of our comments and any additional developments relating to the matter. Moreover, depending on the scope of the remand, the presentence report may be updated, or an institutional report obtained if defendant remained in custody, as the trial judge directs. The provisions of R. 3:21-4 regarding sentencing apply. See also R. 3:16, 3:21-1 through -8. See also Griffin v. State, 517 So.2d 669 (Fla. 1987) (holding that trial court was required to conduct a full resentencing hearing upon vacation of original sentence by appellate court; trial judge's issuance in chambers of an order confirming prior sentence without permitting parties to be heard was improper).
The State urges that the failure of the trial judge to recognize this requirement and to conduct a resentencing proceeding in open court renders the new sentence "illegal." The State also argues *617 that because the sentence is illegal, it may be corrected at any time.
The general proposition that an illegal sentence may be corrected at any time is well recognized. See e.g., State v. Baker, 270 N.J. Super. 55, 72-77, 636 A.2d 553 (App.Div.), aff'd o.b., 138 N.J. 89, 648 A.2d 1127 (1994); State v. Paladino, 203 N.J. Super. 537, 549, 497 A.2d 562 (App.Div. 1985); State v. Sheppard, 125 N.J. Super. 332, 310 A.2d 731 (App.Div.), certif. denied, 64 N.J. 318, 315 A.2d 407 (1973). See also State v. Haliski, 140 N.J. 1, 656 A.2d 1246 (1995). Indeed, an "illegal" sentence may be increased to conform with the dictates of law, see e.g., State v. Baker, supra, 270 N.J. Super. at 74-77, 636 A.2d 553; State v. Eigenmann, 280 N.J. Super. 331, 655 A.2d 452 (App.Div. 1995) (holding that the sentence can generally be increased only to the minimum sentence authorized by the controlling statute); State v. Sheppard, supra. "The only limitation on correcting an illegal sentence is that the court may not be able [to] act if the matter is not [properly] before it." CANNEL, CRIMINAL CODE ANNOTATED, Comment N.J.S. 2C:1-9. See also State v. Baker, supra, 270 N.J. Super. at 78, n. 2, 636 A.2d 553 (expressing "no opinion regarding the State's authority or responsibility to seek correction of the illegal sentence" of a co-defendant who pled guilty and did not appeal his conviction or sentence); State v. Kirk, 243 N.J. Super. 636, 643, 581 A.2d 115 (App.Div. 1990) (holding that "so long as the issue of defendant's sentence is properly before the court, the court may correct an illegal sentence, even by increasing the term" and doing so sua sponte). See also R. 2:3-1(b); R. 2:3-2; R. 3:21-10[1]; and note that R. 3:22-12 providing that "[a] petition to correct an illegal sentence may be filed at any time" applies to an application by "[a]ny person convicted of a crime." R. 3:22-1.
*618 We usually refer to an "illegal" sentence in terms of one which is not consistent with the dictates of the controlling statute, although a defendant can also challenge a sentence because it was imposed without regard to some constitutional safeguard or procedural requirement. See R. 3:22-2(c); State v. Eigenmann, supra, 280 N.J. Super. at 337-39, 655 A.2d 452; State v. Ervin, 241 N.J. Super. 458, 470-72, 575 A.2d 491 (App.Div. 1989), certif. denied, 121 N.J. 634, 583 A.2d 328 (1990); State v. Flores, 228 N.J. Super. 586, 594-95, 550 A.2d 752 (App.Div. 1988), certif. denied, 115 N.J. 78, 556 A.2d 1220 (1989). See State v. Mitchell, 126 N.J. 565, 577, 601 A.2d 198 (1992) (recognizing that under extraordinary circumstances, a court's improper acceptance of a guilty plea may constitute an illegal sentence within the meaning of R. 3:22-12 when it implicates constitutional issues); State v. Adams, 227 N.J. Super. 51, 57, 545 A.2d 798 (App.Div.) (holding that a sentence involving counts that should have been merged "`implicat[ed] a defendant's substantive constitutional rights'" and, thus, constituted an illegal sentence cognizable on defendant's petition for post-conviction relief), certif. denied, 113 N.J. 642, 552 A.2d 167 (1988); State v. Nemeth, 214 N.J. Super. 324, 327-28, 519 A.2d 367 (App.Div. 1986) (holding that five year sentence with two-and-a-half years of parole ineligibility was "illegal" when imposed upon downgrade of second-degree crime under N.J.S.A. 2C:44-1f(2)); State v. Paladino, supra, 203 N.J. Super. at 549, 497 A.2d 562 (holding that sentence was "illegal" where court failed to afford due process to the defendant by failing to ascertain a factual basis for guilty plea and placing defendant on probation without holding a hearing). But see State v. Cerce, 46 N.J. 387, 217 A.2d 319 (1966) (sentencing court's failure to permit defendant right of allocution where counsel for defendant spoke on defendant's behalf was mere technical error not rendering otherwise legal sentence "illegal" for purposes of post-conviction relief).
The State does not contest that the sentence imposed on remand was in conformity with the requirements of the governing statute. N.J.S.A. 2C:43-6a(2), 47-3b. Nor does the State attack the jurisdiction of the Law Division to impose a lawful sentence on *619 this defendant pursuant to our remand order. Further it recognizes both the absence of a statutory or Rule basis to appeal the sentence if legal and that, in any event, defendant has been serving his sentence since June 13, 1994 without a stay. See State v. Ryan, 86 N.J. 1, 429 A.2d 332, cert. denied, 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981); N.J.S.A. 2C:44-1f(2); R. 2:3-1(b); R. 2:9-3(d). Thus the State endeavors to expand the traditional notion of sentence illegality to justify its appeal from the remand sentence.
We need not explore the full meaning of the word "illegal" for purposes of the ability of the State to seek correction of a sentence or to appeal from its imposition or the denial of such reconsideration. We so conclude because, even assuming that the sentence is "illegal," the State had an obligation to raise the issue in a timely fashion. The State could not wait, as it did, for four months after learning of the irregularity while defendant was serving his sentence. While an "illegal" sentence is "correctable at any time," the State has an obligation to move quickly when asserting an "illegality" because the defendant has an expectation of finality of a sentence within the parameters of statutory limits (at least in the absence of some appeal or post-conviction proceeding pending on his or her application). See e.g., State v. Baker, supra, 270 N.J. Super. at 74-77, 636 A.2d 553; State v. Eigenmann, supra, 280 N.J. Super. at 337, 655 A.2d 452. See also State v. Haliski, supra, 140 N.J. at 6, 20-23, 656 A.2d 1246. Here the State waited over four months after learning of the remand sentence before taking any action to correct what it now contends to have been a fundamental injustice. But cf. R. 1:7-4; 2:4-1(a). Even though the State did not know about the defendant's resentencing when it occurred, it is uncontested that the prosecuting attorney learned of the new sentence in June 1994, shortly after it was imposed, but did not file a "motion for reconsideration" for more than four months thereafter. This was far too late.
In concluding that the State's application was untimely, we emphasize the nature of the "illegality" asserted. Here, there is *620 no contention that the right of the defendant to allocution or the right of the victims to be heard, see N.J. Const. art. I, ¶ 22; N.J.S.A. 2C:44-6, N.J.S.A. 52:4B-34 et seq., R. 3:21-4(b), were not recognized at the initial sentencing. Moreover, the State does not contend that the sentence was unauthorized by the governing statute or even violated the negotiated plea agreement. Accordingly, we need not address what action a court can take on the prosecutor's application, or sua sponte, whenever it learns that the sentence does not conform with the minimum requirements of the governing statute.
The appeal is dismissed.
NOTES
[1] R. 3:21-10(a) is a rule of "leniency" and applies to changes or reductions of legal sentences. The time limits embodied in R. 3:21-10(a) do not, therefore, apply in this setting, as the judge here suggested at one point. See Pressler, Current N.J. Court Rules, comment R. 3:21-10.