**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0944-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT M. HARMON,

    Defendant-Appellant.

_____

Submitted May 1, 2019 – Decided May 20, 2019

Before Judges Koblitz and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 88-01-0039.

Robert M. Harmon, appellant pro se.

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Robert Harmon appeals from the trial court's denial of his petition for post-conviction relief (PCR) to correct an illegal sentence without an evidentiary hearing. He claims a violation of Miller v. Alabama, 567 U.S. 460 (2012). We affirm.

On February 27, 1987, when defendant was seventeen years old, he was charged with juvenile delinquency, N.J.S.A. 2A:4A-23, for acts that, if committed by an adult, would constitute murder, robbery and possession of a weapon for an unlawful purpose. After waiver to adult court, defendant was convicted of purposeful and knowing murder, N.J.S.A. 2C:11-3(a)(1) and (2); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (count two); first-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and theft as a lesser included offense of armed robbery, N.J.S.A. 2C15-1.

In 1988, defendant was sentenced to an aggregate term of life in prison, with thirty years of parole ineligibility. We affirmed defendant's convictions and sentence. State v. Harmon, No. A-2532-88 (App. Div. Sept. 25, 1991) (slip op. at 8), certif. denied, 127 N.J. 559 (1992).

In 1994, the Law Division denied defendant's first PCR petition. We affirmed. State v. Harmon, No. A-3819-95 (App. Div. June 10, 1998) (slip op.

at 1, 8), certif. denied, 156 N.J. 411 (1998). We also affirmed the denial of defendant's second PCR petition. State v. Harmon, No. A-5219-99 (App. Div. Nov. 14, 2001).

In 2006, the Law Division denied defendant's third PCR petition. In 2007, the Law Division denied defendant's motion to correct an illegal sentence. In 2009, the Law Division denied defendant's second motion to correct an illegal sentence, finding that defendant's claims were barred pursuant to Rule 3:22-5 because the same issues were addressed in 2007. According to the State, defendant filed a third motion to correct an illegal sentence in 2010, but that motion was not heard, because the Law Division had already ruled on the same motion. In November 2016, the Law Division denied defendant's fourth motion to correct an illegal sentence. On August 18, 2017, the Law Division denied defendant's fifth motion to correct an illegal sentence because "no grounds [were] proffered to reconsider the [2016] decision . . . ." This appeal followed that 2017 denial.

We previously described the facts leading up to defendant's convictions in his direct appeal. Harmon, No. A-2532-88 (slip op. at 2-3). When defendant appeared for sentencing for murder and related charges on December 12, 1988,

A-0944-17T3

he was nineteen years old. Defense counsel acknowledged that the court had limited sentencing options, saying:

> [T]he law requires your Honor to sentence my client to a mandatory [thirty] year term without parole. The only discretion this court has is whether or not to sentence him to a [thirty] year sentence with no parole for [thirty] years or to a life sentence with no parole for [thirty] years.

After reviewing aggravating and mitigating factors, N.J.S.A. 2C:44-1(a) and (b), the court sentenced defendant to an aggregate term of life in prison with thirty years of parole ineligibility.

Pointing to Miller v. Alabama, 567 U.S. 460 (2012) and State v. Zuber, 227 N.J. 422 (2017), defendant argued most recently before the Law Division that because he had been incarcerated for more than thirty years without a "realistic and meaningful opportunity for release based on demonstrated maturity and rehabilitation," his sentence amounted to the "functional[] equivalent of life [in prison] without parole." Defendant argued his sentence was illegal because: (a) he "received the same sentence as an adult offender"; (b) the court did not take into account defendant's status as a juvenile or consider the Miller factors; (c) defendant's sentence was improperly "offense based and not offender based"; (d) "mandatory sentences unconstitutionally deprive juveniles of any relevant characteristics of youth;" (e) "mandatory sentences for

4

juveniles impermissibly undermine[] the reliability of the sentence as it relates to moral culpability and potential for maturity and reform;" (f) "juveniles are particularly vulnerable to negative influences and outside pressures;" (g) because defendant was seventeen years old at the time of the crime, his sentence "serve[d] no legitimate penological justification and violate[d] the prohibition against cruel and unusual punishment under both the state and federal constitution[s];" and (h) defendant had matured and sought post-sentencing rehabilitation.

Defendant, appearing pro se, presents the following issue[1] on appeal:

POINT I:    THE LOWER COURT ERRED IN ITS DENIAL ORDER OF APPELLANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE ON THE PAPERS ALONE WITHOUT AFFORDING, AT LEAST, AN EVIDENTIARY HEARING TO ASSESS, ON THE RECORD, THE ALLEGED ILLEGALITY OF HIS SENTENCE, I.E., WHERE HE WAS NEVER AFFORDED THE OPPORTUNITY TO PRESENT TO A SENTENCING COURT OR HAVE A SENTENCING COURT  CONSIDER THE FIVE (5) MITIGATING FACTORS OF "YOUTH AND ITS ATTENDANT ASSOCIATED TRAITS AND CHARACTERISTICS" SET FORTH BY THE U.S. SUPREME COURT IN MILLER V. ALABAMA, 567 U.S. 460 (2012), APPLIED RETROACTIVELY VIA MONTGOMERY V. LOUISIANA, 136 S. Ct. 718 (2016), RECOGNIZED AND APPLIED BY THIS HONORABLE COURT IN STATE V. ZUBER, 227

_____

[1] We corrected minor citation, spelling and grammatical errors.

N.J. 422 (2017), THE MITIGATING FACTORS OF "YOUTH AND ITS ATTENDANT CHARACTERISTICS" MUST BE CONSIDERED IN AN "INDIVIDUALIZED SENTENCING HEARING" ADOPTING THE U.S. SUPREME COURT POSITION THUS THE LOWER COURT'S DENIAL, FINDING THAT IT FOUND NO GROUNDS FOR RELIEF WAS AN ERROR AND IS IN COMPLETE CONFLICT WITH AND CONTRARY TO THE U.S. SUPREME COURT AND NEW JERSEY SUPREME COURT CLEARLY ESTABLISHED PRECEDENTS AND THEREFORE THE LOWER COURT'S DENIAL MUST BE REVERSED AND THE MATTER SHOULD BE REMANDED IN THE INTEREST OF JUSTICE.

We review a denial of post-conviction relief without an evidentiary hearing de novo. State v. Harris, 181 N.J. 391, 420-21 (2004). One ground for post-conviction relief is an illegal sentence. R. 3:22-2(c). An illegal sentence is one "not imposed in accordance with law." State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)); see also State v. Tavares, 286 N.J. Super. 610, 618 (App. Div. 1996) (noting that an illegal sentence is one "imposed without regard to some constitutional safeguard or procedural requirement"). A defendant may move to change an illegal sentence at any time. R. 3:21-10(b)(5).

A person convicted of murder "shall be sentenced," unless otherwise provided in the statute, "to a term of [thirty] years, during which the person shall

not be eligible for parole, <u>or</u> be sentenced to a specific term of years which shall be between [thirty] years and life imprisonment of which the person shall serve [thirty] years before being eligible for parole." N.J.S.A. 2C:11-3(b)(1) (emphasis added). "A juvenile who has been tried as an adult and convicted of murder <u>shall</u> be sentenced pursuant to [N.J.S.A. 2C:11-3(b)(1)]." N.J.S.A. 2C:11-3(b)(5) (emphasis added).

In three landmark cases, the United States Supreme Court relied on scientific data to find that age is an important factor when assessing juvenile culpability at sentencing. <u>Miller</u>, 567 U.S. at 471-73; <u>Graham v. Florida</u>, 560 U.S. 48, 68-69 (2010); <u>Roper v. Simmons</u>, 543 U.S. 551, 568 -72 (2005). In <u>Roper</u>, the Court held that the Eighth Amendment protection against cruel and unusual punishment prohibits sentencing juveniles under eighteen years old to the death penalty. 543 U.S. at 568, 578. In <u>Graham</u>, the Court held that the Eighth Amendment also prohibits sentencing juveniles to life without parole for non-homicide offenses. 560 U.S. at 74-75. Finally, in <u>Miller</u>, the Court determined that a sentencing judge must consider youth-related factors "before concluding that life without any possibility of parole was the appropriate penalty." 567 U.S. at 479. The Court stated: "Although we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take

into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." Id. at 480. The holding in Miller applies retroactively to sentences of life without parole, "regardless of when a conviction became final." Montgomery v. Louisiana, 136 S. Ct. 718, 729, 732 (2016).

In Zuber, Chief Justice Rabner stated: "To the extent the parties and amici urge this Court to impose a maximum limit on parole ineligibility for juveniles of thirty years, we defer to the Legislature on that question." Id. at 453. We more recently held that a juvenile's sentence of life in prison with thirty-five years of parole ineligibility, for a murder he committed at the age of fourteen, was not illegal. State v. Bass, 457 N.J. Super. 1, 4, 12-13 (App. Div. 2018).

On January 28, 2019, we affirmed a New Jersey State Parole Board decision denying defendant parole and imposing a 120-month future eligibility term. Harmon v. N.J. State Parole Bd., No. A-1977-17 (App. Div. Jan. 28, 2019) (slip op. at 2). Defendant had "incurred a litany of serious infractions . . . in 1991 to 1996, 1999, 2001 to 2002, 2006, 2008, and 2013, during [defendant's] twenties, thirties, and forties." Id. at 3, 10. In October 2008, defendant fought with several corrections officers, two of whom were sent to the hospital. Id. at 3. After this incident, defendant "was sentenced to a suspended term of eighteen

A-0944-17T3

months incarceration for aggravated assault." <u>Ibid.</u> Of the twenty-nine infractions defendant committed while incarcerated, ten were deemed serious. <u>Ibid.</u>

Defendant did not receive a sentence of life without the realistic possibility of parole for offenses he committed as a juvenile. His continued incarceration is based on his adult behavior in prison.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9