**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5136-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VERNON COLLINS,[1]

     Defendant-Appellant.

_____

Submitted August 10, 2020 – Decided August 17, 2020

Before Judges Whipple and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 86-08-0769.

Vernon Collins, appellant pro se.

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura C. Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

---

[1] Defendant is referenced in the record also as Vernon Allen Collins and Vernon A. Collins.

Defendant Vernon Collins appeals from the denial of his Rule 3:21-10 motion to correct an illegal sentence. We affirm.

The facts relevant to defendant's conviction are discussed at length in his initial direct appeal, State v. Collins, No. A-5173-88 (App. Div. July 21, 1992) certif. denied, 130 N.J. 601 (1992), (Collins I) and need not be repeated at length here. Briefly, defendant was indicted in 1986 for possession of a controlled dangerous substance (CDS), N.J.S.A. 24:21-20(a)(2), (count one); possession of CDS with intent to distribute, N.J.S.A. 24:21-19(a)(1), (count two); unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), (count three); and possession of hollow point bullets, N.J.S.A. 2C:39-3(f), (count four). In 1988, he was found guilty on each count.

At his sentencing on May 5, 1989, defendant exercised his right to allocution, under Rule 3:21-4(b), before Judge David J. Schroth imposed a prison term for life, with a twenty-five-year parole ineligibility period on count two. The judge also directed defendant to serve a consecutive seven-year term on count one and a five-year term on count three, concurrent to the sentences imposed on counts one and two. Also, the judge merged count four into count three at sentencing. On May 24, 1989, Judge Schroth executed a judgment of conviction (JOC) reflecting this sentence, and as we observed in Collins I, per

the JOC, defendant was directed to serve his aggregate sentence "consecutive to a previous thirty-five-year sentence for a Maryland conviction."[2]

On direct appeal, we affirmed defendant's conviction, but remanded to the Law Division for "merger of the count for possession of heroin into the count for possession with intent to distribute, and for amendment of the judgment of conviction and the sentence imposed pursuant thereto." Collins I, slip op. at 6, 16.

Turning to the instant appeal, we note that one of defendant's contentions on direct appeal, specifically at Point VI, was that his sentence "must be modified on several grounds." In particular, at Point VI-A., defendant argued that "this sentence must run concurrently with the federal [sic] defendant is serving." Importantly, in Collins I, we disagreed and determined that "[w]ith the exception of Point VI[-]B[.] (involving merger of counts one and two), we find all of the defendant's contentions to be clearly without merit." Id. at 5.

On September 30, 1993, Judge Schroth entered an amended JOC consistent with our remand order, merging counts one and two. In doing so, the

_____

[2] According to the May 1989 sentencing transcript, defendant was convicted in Maryland in July 1987 for "conspiracy to distribute a CDS, possession of CDS with intent to distribute and employing persons under eighteen with the intent to distribute a [CDS]."

A-5136-18T3

judge left intact the life sentence and twenty-five-year period of parole ineligibility for count two and concurrent five-year term on count three. Likewise, count four remained merged and dismissed, and in the amended JOC, the judge confirmed defendant's resentence would run consecutively to "any other prison terms imposed by the State of Maryland on other matters." Defendant did not appeal from this amended JOC.

In August 2017, defendant filed a Rule 3:21-10 motion, arguing his sentence was illegal. On June 19, 2019, the motion judge denied the motion for "failing to state a claim [on] which relief can be granted." The motion judge recognized that Rule 3:21-10(b)(5) permitted him to correct "a sentence not authorized by law." However, the judge also acknowledged that per State v. Clark, 65 N.J. 426, 437 (1974), "mere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground of post-conviction relief and can only be raised on direct appeal from the conviction." Additionally, the motion judge referenced State v. Acevedo, 205 N.J. 40, 47 (2011) to confirm that "allegations of improper consideration of aggravating and mitigating factors and consecutive sentencing guidelines [are] not cognizable" in post-conviction proceedings. Finally, the motion judge found defendant was

sentenced to the "maximum term under the statute, but Judge Schroth was within his power to order that sentence."

On appeal, defendant raises the following arguments for our consideration:

POINT I

THE MERCER COUNTY SUPERIOR COURT ERRED IN CONCLUDING [DEFENDANT'S] MOTION TO CORRECT AN ILLEGAL SENTENCE CLAIMS WERE NOT COGNIZABLE BECAUSE THEY [WERE] SIMILAR TO THE EXCESSIVE OF SENTENCE CLAIM THE NEW JERSEY SUPREME COURT DENIED RECENTLY IN ACEVEDO.

POINT II

THE MERCER COUNTY SUPERIOR COURT ERRED IN HOLDING THAT THE SENTENCING TRANSCRIPT ESTABLISHES THE TRIAL COURT IMPOSED THE SENTENCES TO RUN CONSECUTIVE WITH THE FEDERALLY [-]IMPOSED THIRTY-FIVE YEAR [SENTENCE] SINCE THE SENTENCING TRANSCRIPT DOES NOT [SUPPORT] THAT CLAIM.

POINT III

THE MERCER COUNTY SUPERIOR COURT ERRED IN CONCLUDING [DEFENDANT'S] CLAIMS WERE NOT COGNIZABLE UNDER N.J. CT. RULE 3:21-10(B)(5) WHEN THE SENTENCES ORIGINALLY IMPOSED WITHOUT ANY SPECIFICITY OF RUNNING CONCURRENT OR CONSECUTIVE WITH THE FEDERALLY

5

[-]IMPOSED SENTENCE WAS INCREASED BY ADDING A PROVISION IN THE JUDGMENT OF CONVICTION AND ORDER FOR COMMITMENT SOME [NINETEEN] DAYS LATER AFTER [DEFENDANT] HAD LEFT THE COURTHOUSE THOSE SENTENCES WERE TO RUN CONSECUTIVE.

POINT IV

THE SUPERIOR COURT ERRED IN CONCLUDING CLAIMS INVOLVING CONSIDERATION OF AGGRAVATING FACTORS WERE NOT COGNIZABLE CLAIMS ON PROCEDURAL GROUNDS IN LIGHT OF <u>CUNNINGHAM v. CALIFORNIA</u>[3] RENDER THE LIFE SENTENCE WITH TWENTY-FIVE YEARS PAROLE INELIGIBILITY IMPOSED PURSUANT TO 2C-44-1(A) AND (B) AN ILLEGAL SENTENCE SINCE THE QUANTUM OF PUNISHMENT WAS INCREASED UPON THE TRIAL COURT FINDING STATUTORY AND NON[-]STATUTORY AGGRAVATING FACTORS NOT FOUND BY THE JURY BEYOND A REASONABLE DOUBT.

Based on our careful review of the record, as well as this matter's extensive procedural history, we find these arguments unpersuasive.

"A defendant may challenge an illegal sentence at any time." <u>State v. Zuber</u>, 227 N.J. 422, 437 (2017) (citing <u>Rule</u> 3:21-10(b)(5); <u>Acevedo</u>, 205 N.J. at 47 n.4). "[A]n illegal sentence is one that 'exceeds the maximum penalty . . .

---

[3] 549 U.S. 270 (2007).

for a particular offense' or a sentence 'not imposed in accordance with law.'" Acevedo, 205 N.J. at 45 (quoting State v. Murray, 162 N.J. 240, 247 (2000)). "That includes a sentence 'imposed without regard to some constitutional safeguard.'" Zuber, 227 N.J. at 437 (quoting State v. Tavares, 286 N.J. Super. 610, 618 (App. Div. 1996)).

Additionally, if an issue was previously decided on direct appeal, a defendant is procedurally barred from relitigating that issue. R. 3:22-5. This is so because of the public policy "to promote finality in judicial proceedings." State v. McQuaid, 147 N.J. 464, 483 (1997). Further, it is well established that when our courts enter a remand order directing a "specific amendment or correction to [a] sentence imposed . . . such as . . . directing merger . . . the judge need only implement our judgment. No further proceedings would be required." Tavares, 286 N.J. Super. at 616.

Here, it is uncontroverted that defendant was present at his original sentencing and was afforded the opportunity to say to Judge Schroth whatever he wanted to say. Further, it is evident that Judge Schroth had two choices when considering whether defendant should serve his New Jersey sentence consecutively or concurrently to his Maryland sentence. Judge Schroth chose the former. In Collins I, we found defendant's argument that his New Jersey

A-5136-18T3

sentence should be modified to run concurrent to his Maryland sentence was without merit. Accordingly, we entered a remand order limited to merger of defendant's possession of CDS and possession with intent to distribute charges. Given this procedural history, defendant is procedurally barred under Rule 3:22-5 from renewing the argument that his New Jersey sentence should run concurrent to his Maryland sentence, simply by labeling his 1989 sentence "illegal." Likewise, since the 1993 resentence superseded the 1989 sentence, the same analysis applies.

To the extent defendant references Cunningham v. California, 549 U.S. 270 (2007) and argues Judge Schroth imposed an illegal sentence by improperly finding aggravating and mitigating factors not found by the jury, we disagree. Not only is Cunningham factually distinguishable from this case, but our courts have consistently recognized that trial judges have broad sentencing discretion as long as the sentence is based on competent credible evidence and fits within the statutory framework. State v. Dalziel, 182 N.J. 494, 500 (2005). Additionally, judges must identify and consider "any relevant aggravating and mitigating factors" that "are called to the court's attention[,]" and "explain how they arrived at a particular sentence." State v. Case, 220 N.J. 49, 64-65 (2014) (quoting State v. Blackmon, 202 N.J. 283, 297 (2010)). We

A-5136-18T3

are satisfied Judge Schroth adhered to these principles, that his findings of fact concerning aggravating and mitigating factors were based on ample credible evidence and that he applied the correct sentencing guidelines enunciated in the Code, both in 1989 and on remand in 1993. Accordingly, we decline to find defendant's sentence or resentence was illegal.

To the extent we have not addressed defendant's remaining arguments, we find they do not warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION