**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1993-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RICHARD HOCKENBERRY
a/k/a RICHARD P. PULCINO,

    Defendant-Appellant.

_____

Submitted November 13, 2025 – Decided February 13, 2026

Before Judges Vanek and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 98-12-4326.

Richard Hockenberry, self-represented appellant.

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Richard Hockenberry appeals from an August 17, 2023 order denying his motion to correct an illegal sentence. We affirm.

In May 2000, a jury found defendant guilty of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2), count one; second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a), count two; and third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), count three. Subsequently, defendant moved for a new trial.

On June 30, 2000, the trial court denied defendant's motion and imposed sentence. It merged counts one and two and applied the Graves Act, N.J.S.A. 2C:43-6, because defendant used a firearm in the commission of the murder. The court sentenced defendant to life imprisonment, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The court calculated eighty-five percent of a life sentence as sixty-three years, nine months, and three days. On count three, the court imposed a five-year concurrent sentence.

In 2004, defendant appealed his conviction and sentence. In an unpublished opinion, State v. Hockenberry, No. A-0234-00 (App. Div. March 30, 2004), we affirmed defendant's conviction but remanded for the trial court to amend the judgment of conviction (JOC) to replace the NERA period of

parole ineligibility with a thirty-year period of parole ineligibility, consistent with State v. Manzie.  See 168 N.J. 113, 120 (2001) (holding NERA does not apply to murder and determining the correct period of parole ineligibility to be thirty years); see also N.J.S.A. 2C:11-3(b) ("a person convicted of murder shall be sentenced . . . by the court to a term of [thirty] years, during which the person shall not be eligible for parole").  The judge amended the JOC on June 3, 2004, to reflect a thirty-year period of parole ineligibility.  On November 3, the Supreme Court denied certification.  State v. Hockenberry, 182 N.J. 148 (2004).

In January 2021, defendant filed a petition to correct an illegal sentence pursuant to Rule 3:21-10(b)(5).  On August 17, 2023, Judge Michael E. Joyce denied defendant's application.  In an accompanying written statement of reasons, Judge Joyce concluded the JOC was correctly amended without "need for a new presentence report to be generated or reviewed in order to amend the JOC in accordance with the Appellate Division's directive."  This appeal follows.

Rule 3:21-10(b)(5) permits a defendant to challenge an illegal sentence at any time.  "[A]n illegal sentence is one that 'exceeds the maximum penalty provided . . .  for a particular offense'" or is otherwise "not imposed in accordance with law."  State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State

v. Murray, 162 N.J. 240, 247 (2000)). "A sentence is also not in accordance with law if it fails to include a legislatively mandated term of parole ineligibility." Murray, 162 N.J. at 247 (citing State v. Baker, 240 N.J. Super. 55, 70 (App Div. 1994)). "Regardless of whether a sentence is illegal because it exceeds the statutory maximum penalty authorized for such an offense or because it was not imposed in accordance with law, it may be corrected at any time before it is completed." Ibid. (citing State v. Sheppard, 125 N.J. Super. 332, 336 (App. Div. 1973)).

When an appellate court remands for resentencing or when it "direct[s] reconsideration without directing the imposition of a specific sentence, the sentencing proceedings must be conducted anew." State v. Tavares, 286 N.J. Super. 610, 616 (App. Div. 1996). "The parties may again present their positions in light of [the court's] comments and any additional developments relating to the matter." Ibid. "Moreover, depending on the scope of the remand, the presentence report may be updated, or an institutional report obtained if [the] defendant remain[s] in custody, as the trial [court] directs." Ibid.

"Remands for resentencing . . . cover a range of proceedings, from vacated sentences which require sentencing anew to mere corrections of technical errors." State v. Randolph, 210 N.J. 330, 350 (2012). As our Court stated in

Randolph:

> Resentencings are various in kind and many are very narrow.  At one extreme, the resentencing ordered may be as unconstrained and open-ended as an initial sentencing; but at the other extreme, a remand may be so focused and limited that it involves merely a technical revision of the sentence dictated by the appeals court and calls for no formal proceeding -- say, modifying the judgment to cut back to its legally permitted length a supervised release term that exceeded what the statute permits.
>
> [Ibid. (quoting United States v. Bryant, 643 F.3d 28, 32 (1st Cir. 2011)).]

The question of whether formal proceedings are required depends on "the scope of the resentencing order in question."  Ibid.  "[A] defendant must be sentenced 'anew' where resentencing is ordered[,] unless the remand is for correction of a technical error or the remand order is limited in scope."  Ibid. (quoting Tavares, 286 N.J. Super. at 616).

We employ "a discretionary standard of review to motions made under . . . Rule 3:21-10(b)."  State v. Arroyo-Nunez, 470 N.J. Super. 351, 376 (App. Div. 2022).  Denial of a motion to correct an illegal sentence is reviewed for abuse of discretion.  Ibid.  "A court abuses its discretion when its decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  Ibid. (internal quotation marks

5                                                          A-1993-23

omitted) (quoting State v. Chavies, 247 N.J. 245, 257 (2021)). "Since Rule 3:21-10(b)(2) 'offers extraordinary relief to' prisoners, it 'must be applied prudently, sparingly, and cautiously.'" Chavies, 247 N.J. at 257 (quoting State v. Priester, 99 N.J. 123, 135 (1985)).

Defendant contends the motion court erred in denying his motion to correct an illegal sentence because he was entitled to a new sentencing hearing after the matter was remanded in 2004. Defendant further asserts he was entitled to be present at resentencing to proffer new mitigating evidence to the sentencing court. We disagree.

Here, Judge Joyce did not abuse his discretion in denying defendant's motion. In 2000, the sentence imposed was not in accordance with law because it failed to include the correct term of parole ineligibility. Murray, 162 N.J. at 247 (citing Baker, 240 N.J. Super. at 70). For that reason, we remanded for entry of an amended JOC to include a thirty-year period of parole ineligibility under N.J.S.A. 2C:11-3 rather than a NERA period of parole ineligibility based on an actuarial interpretation of a life sentence.

At this court's direction, the judge entered an amended JOC on remand to reflect the correct thirty-year period of parole ineligibility. Because the judge rectified the sentence before its completion, it was no longer illegal. Ibid.

A-1993-23

We note defendant suffered no additional harm from the sentencing error. Even with a thirty-year period of parole ineligibility, he remains ineligible for parole, given that he was sentenced in 2000 and received 721 days of accrued jail credit.

Contrary to defendant's contention, he was not entitled to a resentencing hearing. In our 2004 opinion, we did not remand for resentencing in its entirety, which would have necessitated generation of a new presentence report or reweighing of aggravating and mitigating factors. Tavares, 286 N.J. Super. at 616. Rather, the scope of our remand was narrow, focusing solely on the parole ineligibility aspect of defendant's sentence. This procedural posture is distinct from those cases requiring a reassessment of mitigating and aggravating factors, in whole or in part. See Randolph, 210 N.J. at 350.

Given the narrow scope of our remand, the correction here is more akin to a technical revision rather than a substantive change, and the sentencing court was not required to conduct sentencing proceedings anew. Ibid. Hence, the sentencing court was not required to afford defendant the opportunity to again present his position or update any presentence reports. Tavares, 286 N.J. Super. at 616.

Thus, Judge Joyce correctly concluded the sentencing court amended the

7

JOC at the direction of this court. The remand was focused and limited, because it circumscribed the revision to be made to the JOC and did not require resentencing proceedings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1993-23