**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1398-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL FUSCALDO,

    Defendant-Appellant.

_____

Submitted December 4, 2025 – Decided March 6, 2026

Before Judges Marczyk and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 93-06-1327.

Michael Fuscaldo, self-represented appellant.

Wayne Mello, Acting Hudson County Prosecutor, attorney for respondent (Josemiguel DeJesus Rodriguez, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Michael Fuscaldo appeals from the December 6, 2024 Law Division order denying his motion for resentencing.  We affirm.

## I.

On April 4, 1996, a jury found defendant guilty of:  first-degree murder, N.J.S.A. 2C:11-3(a)(1) or (2) (count one); third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count two); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count three); and fourth-degree unlawful disposal of a firearm, N.J.S.A. 2C:39-9(d) (count four).  He was acquitted of conspiracy to commit murder, N.J.S.A. 2C:5-2(a) (count five). Defendant was sentenced to life imprisonment with a thirty-year mandatory minimum term on count one, which merged with count three; a concurrent five-year prison term on count two; and a concurrent eighteen-month prison term on count four.

The sentence was based on the judge's finding of the following aggravating and mitigating factors:  on the murder charge, the judge found aggravating factors one, N.J.S.A. 2C:44-1(a)(1) ("[t]he nature and circumstances of the offense, and the role of the actor in committing the offense, including whether or not it was committed in an especially heinous, cruel, or depraved manner"); two, N.J.S.A. 2C:44-1(a)(2) ("[t]he gravity and seriousness

A-1398-24

of harm inflicted on the victim, including whether or not the defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to advanced age, ill-health, or extreme youth, or was for any other reason substantially incapable of exercising normal physical or mental power of resistance"); three, N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense"); and nine, N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law"). He also found mitigating factor seven, N.J.S.A. 2C:44-1(b)(7) ("[t]he defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense").

The judge explained his reasons in finding aggravating factor three:

> I see at page three of the [presentence report (PSR)] that there is some substance abuse. This defendant was introduced to marijuana at age seventeen, last used marijuana approximately six months ago. Whenever there is even the slightest indication of substance abuse, this court believes that the defendant was a risk to commit another offense.

In imposing a life sentence, the judge "focus[ed] on aggravating factor one" and determined the aggravating factors outweighed the mitigating factors. For both

weapons offenses, the judge found aggravating factors three and nine, along with mitigating factor seven, "for the aforementioned reason[s]."

We affirmed the conviction in an unpublished decision. State v. Fuscaldo, No. A-5482-95 (App. Div. Aug. 27, 1997), certif. denied, 152 N.J. 189 (1997). We also affirmed the orders denying defendant's three successive petitions for post-conviction relief.[1]

In October 2024, defendant moved for resentencing pursuant to Rule 3:21-10(b)(5), which permits the correction of "a sentence not authorized by law including the Code of Criminal Justice." Citing N.J.S.A. 2C:52-6.1 and State v. Gomes, 253 N.J. 6 (2023), defendant contended the sentencing judge erred by considering his prior marijuana use in finding aggravating factor three. On December 6, 2024, the motion judge issued an order denying the motion, accompanied by a written opinion.

## II.

On appeal, defendant presents the following point for our consideration:

---

[1] State v. Fuscaldo, No. A-3301-02 (App. Div. Feb. 23, 2004), certif. denied, 180 N.J. 355 (2004); State v. Fuscaldo, No. A-1407-08 (App. Div. Aug. 2, 2010), certif. denied, 205 N.J. 273 (2011); State v. Fuscaldo, No. A-3951-12 (App. Div. June 12, 2015), certif. denied, 223 N.J. 404 (2015).

A-1398-24

IF DEFENDANT'S USE OF MARIJUANA HAS BEEN DEEMED TO "NOT TO HAVE OCCURRED[,]" SEE [GOMES, 253 N.J. 6,] THEN THE USE OF THIS FACT TO ENHANCE DEFENDANT'S SENTENCE, VIA AGGRAVATING FACTOR [THREE], RENDERS DEFENDANT'S CURRENT SENTENCE NOT AUTHORIZED BY LAW [(R. 3:21-10(b)(5))] AND AS SUCH, REQUIRES THE COURT TO RESENTENCE DEFENDANT ON ALL COUNTS.

Because a court's denial of a motion to correct an illegal sentence is an issue of law, we review the decision de novo. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "[A]n illegal sentence is one that 'exceeds the maximum penalty . . . for a particular offense' or a sentence 'not imposed in accordance with law.'" State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)). This "includes a sentence 'imposed without regard to some constitutional safeguard.'" State v. Zuber, 227 N.J. 422, 437 (2017) (quoting State v. Tavares, 286 N.J. Super. 610, 618 (App. Div. 1996)). There is no temporal limit on a court's ability to review an illegal sentence; it can be corrected "at any time." Acevedo, 205 N.J. at 47 n.4 (quoting R. 3:21-10(b)(5)). "If a defendant's sentence is illegal, a reviewing court must remand for resentencing." State v. Steingraber, 465 N.J. Super. 322, 328 (App. Div. 2020) (citing State v. Romero, 191 N.J. 59, 80-81 (2007)).

A-1398-24

Given the motion judge's cogent analysis, our de novo review need not be extensive. Among other provisions, the New Jersey Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act (CREAMMA) mandated the expungement of any "conviction or adjudication of delinquency solely for one or more crimes or offenses involving manufacturing, distributing, or dispensing, or possessing or having under control with intent to manufacture, distribute, or dispense, marijuana or hashish." N.J.S.A. 2C:52-6.1. Under Gomes, our Supreme Court explained the legislative intent of CREAMMA was that "any arrest, charge, conviction, or adjudication of delinquency, and proceedings related" to the "broad list of marijuana or hashish offenses . . . would be deemed not to have occurred." 253 N.J. at 30 n.10 (emphasis omitted).

Because CREAMMA addressed the expungement of a conviction or adjudication of delinquency for a marijuana-related offense, it did not apply to defendant because he did not have a prior conviction or adjudication. As the motion judge found:

> The sentencing [judge] simply made reference to [defendant's] prior marijuana usage, which was noted in the [PSR], as a reason he may commit another offense. Additionally, there are no prior criminal marijuana proceedings referenced during the sentencing. In fact, the [judge] found mitigating factor seven on each count, meaning [he] acknowledged [defendant had] no prior criminal history.

6

Pursuant to N.J.S.A. 2C:44-6(b), the PSR

> shall . . . include information regarding the defendant's history of substance use disorder and substance use disorder treatment, if any, including whether the defendant has sought treatment in the past. If any of the factors listed in [N.J.S.A. 2C:35-14.1(b)] apply, the [PSR] shall also include consideration of whether the defendant may be a person with a substance use disorder as defined in N.J.S.[A.] 2C:35-2.

Here, the PSR indicated defendant admitted to having used marijuana, which was a controlled dangerous substance at the time, within the year preceding his arrest. See N.J.S.A. 2C:35-14.1(b)(6). Thus, the sentencing judge did not abuse his discretion by considering defendant's prior marijuana use in determining aggravating factor three.

The motion judge found that even if aggravating factor three were excised from the sentencing equation, "defendant [was] still looking at the exact same sentence, given the charges and the sentencing [judge]'s case-specific weighing of each factor." Defendant's arguments on appeal do not convince us otherwise.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

7
A-1398-24