**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0053-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FRANCIS R. GANNONE, JR.,
a/k/a BUTCH,

    Defendant-Appellant.

_____

          Submitted December 3, 2025 – Decided April 16, 2026

          Before Judges Smith and Berdote Byrne.

          On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 99-02-0085.

          Nicolette G. DeSimone, attorney for appellant.

          John P. McDonald, Somerset County Prosecutor, attorney for respondent (Jessica L. Bosland, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals the trial court's denial of his motion for a new trial and his motion to correct an illegal sentence. For the reasons which follow, we affirm.

I.

After a jury trial, defendant, Francis Gannone, Jr., was convicted for the murder of his ex-girlfriend Valerie Fasanello. In April 2001, defendant was sentenced to life imprisonment with thirty years of parole ineligibility. While incarcerated, defendant was unsuccessful in his direct appeal, his motion for post-conviction relief, and his habeas corpus petition.

On August 8, 2023, defendant moved for a new trial based on newly discovered evidence. Months later, on December 26, 2023, defendant moved to correct his sentence, contending it was illegal.

Defendant contended the newly discovered evidence came from two affidavits offered by Christopher J. Byelick and Mary Ann Sisco, individuals who attended defendant's murder trial. The two affiants stated they witnessed the victim's father speaking with jurors during a break in the trial. Byelick stated

> I certify and state that during the trial of State v. Francis Gannone, Jr. in March 2001[,] Ronald Fasanello (father of the victim Valerie Fasanello) was seated with and engaged in conversation with several jury members during a lunch break while the trial was ongoing. There

A-0053-24

was no court[-]appointed jury supervisor present to the best of my knowledge.

Sisco stated

> I certify and state: During the trial of <u>State of NJ v. Francis R. Gannone, Jr.</u> in March of 2001[,] on a lunch break we went down the street from the courthouse to eat. While there[,] I saw Mr. Fasanello[] (father of the victim)[]. . . sitting at a table with some of the jurors engaged in conversation. I sat through the entire trial and that is why I recognized them as jury members. I did not hear what was said. It was my understanding that the jury members should not be speaking with anyone from either side of persons involved with the case. I don't know if there was a court appointed supervisor with the jurors.

Both affidavits were submitted on May 25, 2023.

Defendant contended that the victim's father's alleged conversation with the jurors was a sufficient basis to order a new trial. Defendant also argued that his sentence was illegal because the trial court improperly analyzed the aggravating and mitigating factors. The trial court denied both motions on July 24, 2024. Defendant appeals both orders.

## II.

"A trial court's ruling on a motion for a new trial 'shall not be reversed unless it clearly appears that there was a miscarriage of justice under the law.'" <u>State v. Armour</u>, 446 N.J. Super. 295, 305 (App. Div. 2016) (quoting <u>R.</u> 2:10-

3

1). "[A] motion for a new trial is addressed to the sound discretion of the trial judge, and the exercise of that discretion will not be interfered with on appeal unless a clear abuse [of discretion] has been shown." Id. at 306 (first alteration in original) (quoting State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000)). "Questions of law are reviewed de novo." State v. Fortin, 464 N.J. Super. 193, 216 (2020) (citing State v. Miles, 229 N.J. 83, 90 (2017)).

"An illegal sentence is one that is contrary to the Code of Criminal Justice or constitutional principles. An illegal sentence may be corrected at any time so long as the sentence has not been completely served. Because a trial court's determination of whether a sentence is constitutional is a legal question, our review is de novo." State v. R.K., 463 N.J. Super. 386, 400 (App. Div. 2020) (internal citations omitted).

### III.

### A.

Defendant argues the trial court erred in denying his motion for a new trial because it failed to grant an evidentiary hearing to analyze the weight of the newly produced affidavits. We are not persuaded.

Rule 3:20-2 states "[a] motion for a new trial based on the ground of newly[]discovered evidence may be made at any time." A new trial is warranted

if the movant can show that the newly discovered evidence is: "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." State v. Szemple, 247 N.J. 82, 99 (2021) (quoting State v. Nash, 212 N.J. 518, 549 (2013)). Failure to meet any of the three prongs must result in denial of the motion for a new trial. Ibid. Further, an evidentiary hearing is only warranted when the movant can establish all three prongs of the Carter[1] test. R. 3:22-10; see State v. Porter, 216 N.J. 343, 354 (2013).

The first prong of the Carter test requires the newly discovered evidence to be material to the issue, not merely cumulative, impeaching, or contradictory. 85 N.J. 300 at 314. Defendant must show the evidence "ha[s] some bearing on the claims being advanced" and supports a denial of guilt. State v. Ways, 180 N.J. 171, 188 (2004) (quoting State v. Henries, 306 N.J. Super. 512, 531 (App. Div. 1997)). Evidence is merely cumulative, impeaching, or contradictory when it is "not of great significance and would probably not alter the outcome of the verdict." Id. at 189. Conversely, evidence that has "the probable effect of

---

[1] State v. Carter, 85 N.J. 300, 314 (1981).

A-0053-24

raising reasonable doubt as to the defendant's guilt would not be considered merely cumulative, impeaching or contradictory." Ibid.

In Ways, our Supreme Court outlined circumstances under which newly discovered evidence is considered material. Examples include: where the prosecution's witness to the crime was later discovered to be in another state while the crime was transpiring; photographic evidence showing the defendant was at another location when the crime was committed when his alibi was previously rejected at trial; and an arresting officer's guilty plea to falsifying breathalyzer tests in several DUI cases, even when the defendants pled guilty to driving while under the influence. Ibid. The Court found that such evidence is material because it "shake[s] the very foundation of the State's case and almost certainly alter[s] the earlier jury verdict," or "had the clear capacity to alter the outcome of the case." Id. at 189-90.

The Ways Court also offered contrary examples, identifying circumstances where newly discovered evidence was deemed immaterial. In State v. Coburn, 221 N.J. Super. 586, 600-01 (App. Div. 1987), we concluded a toxicology report showing the victim had drugs in her system when she was killed was cumulative, considering the jury already heard evidence that the victim had fresh needle injection wounds at the time of the shooting. Ways, 180

6

at 191. In each example, the <u>Ways</u> Court noted the importance of the trial court's "thorough, fact-sensitive analysis to determine whether the newly discovered evidence would probably make a difference to the jury." <u>Ibid.</u>

Defendant's core argument is that the alleged improper communication between the victim's father and the jurors during a break in the trial constitutes jury tampering and is material to the issue of his guilt, as the father could have influenced their verdict. We disagree.

A trial court retains the discretion to grant or deny a new trial when determining whether the jury has been tainted. <u>State v. R.D.</u>, 169 N.J. 551, 558-59 (2001). Here, the trial court did not find defendant's allegations of jury taint credible. The record shows the affiants: listed as contacts on defendant's prison intake form; previously husband and wife; received a suspicious $500 payment one week after signing their affidavits from defendant's commissary account; and did not raise these concerns until more than twenty years had passed. Even if the affiants' allegations are true, the State presented evidence to the jury that defendant stabbed the victim repeatedly, leading to her death.

Our thorough review of the record reveals that the affidavits contain no evidence material to the issue of whether defendant committed murder. They contain no facts detailing how long the alleged conversation between the jurors

7

and Ronald Fasanello lasted, or whether they discussed the trial. The affidavits do not state whether a court-appointed supervisor oversaw the interaction. Because of the challenges extant in the timing and content of these allegations, the evidence in the record concerning the affiants' relationship to defendant, and defendant's failure to demonstrate how the alleged conversation is material to the question of whether he committed murder, we conclude that the affidavits and their contents do not rise to the level of material evidence. It follows that defendant has not established the first prong of the Carter analysis. There was no clear abuse of discretion by the trial court in denying the motion for a new trial. Armour, 446 N.J. Super. at 306. Indeed, we conclude the trial court's exercise of discretion was proper.

## B.

We turn to defendant's claim that the trial court misapplied the aggravating and mitigating factors during sentencing. We are unpersuaded.

Rule 3:21-10(a) permits a defendant to move to change or reduce a sentence within sixty days of the judgment of conviction. Rule 3:22-2(c) permits a defendant to file a motion to correct an illegal sentence at any time when the sentence is in excess of or otherwise not in accordance with the sentence authorized by law. An illegal sentence is also one that is imposed

without regard to constitutional safeguards or procedural requirements. State v. Tavares, 286 N.J. Super. 610, 618 (App. Div. 1996). Due process requires a sentencing court to provide sufficient information as to their sentencing to prevent "substantively unfair" or "mistaken deprivations" and enable litigants to contest the basis upon which a state proposed to deprive them of their protected interests. Fuentes v. Shevin, 407 U.S. 67, 81 (1972). Sufficient information includes the court's reasons for imposing a sentence, including the factual basis supporting the application of aggravating and mitigating factors. R. 3:21-4(h); see State v. Comer, 249 N.J. 359, 404 (2022).

Defendant's illegal sentence argument challenging the trial court's application of aggravating and mitigating factors is time-barred pursuant to Rule 3:21-10(a), as it does not fall under any of the enumerated exceptions under Rule 3:21-10(b). As this aspect of defendant's appeal is barred, there is no error.

To the extent we have not specifically addressed any other contentions raised by defendant, they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9

A-0053-24