**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1644-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAHEEM VENABLE,

    Defendant-Appellant.

_____

Submitted July 11, 2022 – Decided July 21, 2022

Before Judges Fasciale and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 05-05-1284.

Raheem Venable, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Raheem Venable appeals from an order denying his motion to correct an illegal sentence. Finding no error in the trial court's ruling, we affirm.

I.

Because we outlined the underlying facts at length in the decisions resulting from defendant's consolidated direct appeal, State v. Venable, 411 N.J. Super. 458 (App. Div. 2010) (Venable I), as well as his appeals from the denial of two prior post-conviction relief (PCR) petitions, State v. Simmons, Nos. A-5565-11, A-1321-12 (App. Div. Nov. 26, 2014), and State v. Venable, No. A-1003-17 (App. Div. Oct. 17, 2019) (Venable II and III, respectively), we provide only a summary of the facts pertinent to this appeal.

Defendant was found guilty of purposeful or knowing murder, N.J.S.A. 2C:11-3(a)(1) and (2); possession of a handgun without a permit, N.J.S.A. 2C:39-5(b); and possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). He was sentenced to life in prison, subject to a sixty-three-year and nine-month period of parole ineligibility mandated by the No Early Release Act, N.J.S.A. 2C:43-7.2, on the murder conviction. His conviction for possession of a weapon for an unlawful purpose was merged and he received a concurrent ten-year term on the remaining handgun charge.

As we stated in our published opinion:

Defendant's convictions were based on the death of Fahiym Phelps as a result of a shooting outside a bar . . . on the night of November 27, 2004. Before the shooting, Phelps was inside the bar with his brother, Sharif, and a cousin, Tashon Young. During that time, Phelps had a verbal altercation with Venable, which was witnessed by Sharif, Young, and the manager of the bar, Sean Dubose. The altercation was interrupted by Dubose, who had a security guard . . . escort Venable outside the bar, while Dubose stayed inside with Phelps.

The bar closed approximately ten minutes later, at which time Phelps, Sharif, and Young walked outside, where they encountered Venable and [his co-defendant, Malik Simmons], both of whom were armed with handguns. Defendants began shooting in Phelps's direction, discharging between six and ten bullets. Six of the bullets struck Phelps, causing fatal injuries.

[Venable I, 411 N.J. Super. at 461.]

In December 2019, following unsuccessful bids to secure PCR, defendant filed a pro se motion, challenging the legality of his sentence pursuant to Rule 3:21-10(b)(5).[1] He contended his sentence was illegal because the trial court "imposed an extended term sentence without the State ever filing an application with the [c]ourt for a[n] extended term." To support this argument, he certified

---

[1] The Rule provides, in part: "[a] motion may be filed and an order may be entered at any time . . . (5) correcting a sentence not authorized by law including the Code of Criminal Justice."

A-1644-20

that in March 2019, his former attorney wrote to the Essex County Criminal Case Manager to request a copy of the State's motion for an extended term and was informed that office "did not find [the] motion."

Defendant also argued his sentence was illegal because the trial judge "never conducted a pretrial conference in open court . . . to make sure [he] under[stood:]  (1) the [S]tate['s] final offer, if one exist[ed]; [and] (2) the sentence exposure along with . . . other factors."  Defendant claimed if he knew pretrial "he was facing a . . . life sentence, he would have instead ple[d] guilty [rather than] fac[e] a life sentence after a guilty verdict."

On January 9, 2021, Judge Nancy Sivilli denied defendant's motion, explaining:

> The statutory range for the crime of murder is [thirty] years to life.  N.J.S.A. 2C:11-3(b).  The statutory range for an extended term for murder is [thirty-five] years to life.  N.J.S.A. 2C:43-7(a). . . .   The impact of an extended term is to increase the minimum end of the sentencing range from thirty years to thirty-five years. It essentially has no impact on the maximum end of the range[,] which is life imprisonment.  Defendant's sentence of life imprisonment was within the range for first[-]degree murder and for the extended term. . . .  A maximum sentence is legal and is in accordance with the New Jersey Criminal Code.
>
> . . . .  The court's imposition of a parole ineligibility period was in accordance with the statutory code and was not illegal.  For all of those reasons, [d]efendant

4

has failed to show that the . . . sentence was illegal and needs to be corrected.

Judge Sivilli also rejected defendant's contention the State failed to file a motion for an extended term, stating the argument was "factually incorrect as evidenced by the transcript of the April 3, 2007 sentencing." Further, the judge found the sentencing judge properly analyzed the statutory aggravating and mitigating factors before imposing "the highest end of the range for murder." Additionally, Judge Sivilli determined that even if the State failed to move for the imposition of an extended term, defendant was obliged to raise this issue "on appeal or in one of his two petitions for [PCR] and not in the context of this motion." She concluded defendant was "simply trying to bootstrap legal arguments that should have been made previously and are now time barred."

Finally, Judge Sivilli determined

> [d]efendant's allegation that a pretrial memorandum and plea cut[]off was not done prior to trial does not make the April 3, 2007 sentence illegal. It is an argument that should have been raised on appeal or in a petition for [PCR]. Defendant cannot now raise the issue in this motion.

II.

On appeal, defendant raises the following arguments for our consideration:

POINT I

THE TRIAL COURT ERRED WHEN IT FAILED TO CORRECT APPELLANT'S ILLEGAL SENTENCE PURSUANT TO R[ULE] 3:2[1][2]-10(b)(5), THUS ERRONEOUSLY RULING THAT APPELLANT['S] MOTION WAS TIME BARRED.

POINT II

THE COURT ERRONEOUSLY TIME BARRED APPELLANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE PURSUANT TO R[ULE] 3:2[1]-10(b)(5), REGARDING THE TRIAL COURT'S FAILURE TO COMPLY WITH THE STRICTURES OF RULES 3:9-1(e) and 3:9-3(g).[3]

---

[2] The arguments set forth in defendant's point headings mistakenly refer to "Rule 3:22-10(b)(5)," a Rule which does not exist. However, his merits brief confirms he sought relief before the trial court based on Rule 3:21-10(b).

[3] Rule 3:9-1(e) provides, in part:

> If the court determines that discovery is complete; . . . and that all reasonable efforts to dispose of the case without trial have been made and it appears that further negotiations or an additional conference will not result in disposition of the case . . . the judge shall conduct a pretrial conference . . . in open court with the prosecutor, defense counsel and the defendant present . . . . [T]he court shall ask the prosecutor to describe . . . the case[,] including the salient facts and anticipated proofs[,] and shall address the defendant to determine that the defendant understands: (1) the State's final plea offer, if one exists; (2) the sentencing exposure for the offenses charged, if convicted; (3) that ordinarily a negotiated plea should not be accepted after

6

We are not persuaded.

"[A] truly 'illegal' sentence can be corrected 'at any time.'" State v. Acevedo, 205 N.J. 40, 47 n.4 (2011) (quoting R. 3:21-10(b)(5); R. 3:22-12). "[A]n illegal sentence is one that 'exceeds the maximum penalty provided in the Code for a particular offense' or a sentence 'not imposed in accordance with law.'" Id. at 45 (quoting State v. Murray, 162 N.J. 240, 247 (2000)). A sentence "not imposed in accordance with law" includes a "disposition [not] authorized by the Code," Murray, 162 N.J. at 247, or a sentence "imposed without regard to some constitutional safeguard," State v. Zuber, 227 N.J. 422, 437 (2017) (quoting State v. Tavares, 286 N.J. Super. 610, 618 (App. Div. 1996)). "Whether

> the pretrial conference and a trial date has been set; (4) the nature, meaning and consequences of the fact that a negotiated plea may not be accepted after the pretrial conference has been conducted and a trial date has been set; and (5) that the defendant has a right to reject the plea offer and go to trial . . . . If the case is not otherwise disposed of, a pretrial memorandum shall be prepared in a form prescribed by the Administrative Director of the Courts.

Rule 3:9-3(g) provides, in part:

> After the pretrial conference has been conducted and a trial date set, the court shall not accept negotiated pleas absent the approval of the Criminal Presiding Judge based on a material change of circumstance, or the need to avoid a protracted trial or a manifest injustice.

[a] defendant's sentence is unconstitutional is . . . an issue of law subject to de novo review." State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016) (citing State v. Pomianek, 221 N.J. 66, 80 (2015)).

It also is well established we will not consider an argument which was not raised before the trial court. Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). "Appellate review is not limitless. The jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves." State v. Robinson, 200 N.J. 1, 19 (2009); see also Zaman v. Felton, 219 N.J. 199, 226-27 (2014). Similarly, we need not consider arguments raised for the first time in a reply brief. See Pannucci v. Edgewood Park Senior Hous. — Phase 1, LLC, 465 N.J. Super. 403, 409-10 (App. Div. 2020) (citing State v. Smith, 55 N.J. 476, 488 (1970)) (noting impropriety of raising an argument for first time in a reply brief).

Governed by these standards, we are convinced Judge Sivilli properly denied defendant's motion to correct an illegal sentence. We also agree with the State that defendant could have discovered evidence about its having filed an extended-term motion before he filed his Rule 3:21-10(b)(5) motion. Indeed, defendant admits "the State is correct" on this point. But he newly contends in

8

his reply brief that "the passage of time alone cannot be a basis to bar" him relief on his sentence and we should "consider the ineffective assistance of [his trial, appellate, and PCR counsel] when remedying this issue."  We disagree and add the following comments.

Here, the record supports the judge's findings that:  (1) the State filed an extended-term motion prior to sentencing and the sentencing judge referred to the application on the record before granting it; and (2) the sentencing judge imposed a life term in accordance with the Code of Criminal Justice.  Therefore, as Judge Sivilli correctly recognized, defendant was not entitled to relief under Rule 3:21-10(b)(5).  Also, we are satisfied the mere fact the Essex County Criminal Manager's office could not locate the extended-term motion in its records almost a dozen years after defendant's sentencing is of no moment.

Additionally, we decline to conclude, as defendant urges in his Point II argument, that his sentence was illegal because he was deprived of a pretrial memorandum and an in-court discussion about a plea cut off.  As the State points out, it never provided defendant with a plea offer because, consistent with his trial counsel's testimony at a 2012 PCR evidentiary hearing, defendant "took the position . . . he was innocent of the charges" and "he wasn't there at the time of

9

the . . . shooting."[4]  Further, as the State highlights, during the 2012 evidentiary hearing, defendant's trial attorney testified he was aware defendant was subject to an extended term if convicted, and because he "knew the extended term was out there," he "assume[d he]would have . . . discussed it with [defendant]." Defendant does not dispute these facts.

Under these circumstances, we perceive no basis to disturb Judge Sivilli's rejection of defendant's belated challenges to his sentence based on Rules 3:9-1(e) and 3:9-3(g).  Rather, we agree with Judge Sivilli that even if "a pretrial memorandum and plea cut[]off was not done prior to trial[, this fact] does not make [his] April 3, 2007 sentence illegal."  Further, we agree with Judge Sivilli that defendant could have raised these arguments on direct appeal or in a PCR petition.  Certainly, the factual predicate for the relief sought—the alleged lack of a Rule 3:9-1(e) conference and notice of a plea cut off pretrial—would have been known to defendant and his PCR counsel, or could have been discovered

---

[4]  The transcript from the 2012 PCR hearing also confirms defendant's trial counsel testified he had no recollection of defendant "ever ask[ing him] to explore plea possibilities with the State"; also, trial counsel stated his recollection was no plea offer was made by the Prosecutor to a defense attorney in a homicide case in Essex County "unless the defense attorney came . . . to the Prosecutor with a request for a particular plea" and in this case, trial counsel "never came to the State with a plea."  Further, trial counsel testified if the State had conveyed a plea offer to him, his practice had "always been to take that . . . offer to the client" and discuss "the ramifications of taking the plea."

through the exercise of reasonable diligence no later than when defendant filed his second PCR petition in 2015.  See R. 3:22-4(b)(2)(B); R. 3:22-12(a)(2).

In sum, we find no reason to disturb the January 9 order and affirm it, substantially for the reasons outlined in Judge Sivilli's cogent written opinion. To the extent we have not addressed defendant's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1644-20