**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2596-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL WASHINGTON,
a/k/a RED WASHINGTON,

     Defendant-Appellant.

_____

Argued December 4, 2023 — Decided December 12, 2023

Before Judges Mawla and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 18-01-0045.

Daniel S. Rockoff, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Daniel S. Rockoff, of counsel and on the brief).

Lorina Murphy, Assistant Prosecutor, argued the cause for respondent (John P. McDonald, Somerset County Prosecutor, attorney; Gerard J. Tyrrell, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Michael Washington of: first-degree aggravated manslaughter, a lesser-included offense of first-degree murder, N.J.S.A. 2C:11-4 (count one); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-5(b)(1) (count two); and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1) (count three). Then, under two separate indictments, defendant pled guilty to: third-degree possession of heroin, N.J.S.A. 2C:10(a)(1); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1); and third-degree possession of alprazolam (Xanax), N.J.S.A. 2C:35-10(a)(1).

Previously, we affirmed defendant's convictions, but remanded his sentence because the judge did not consider the factors under State v. Yarbough.[1] State v. Washington, No. A-2537-18 (App. Div. Oct. 12, 2021) (slip op. at 18-19). We recounted the facts leading to defendant's conviction and sentence in detail. Id. at 3-8. In brief, in October 2017, Bound Brook Police responded to a call of shots fired and found the victim lying on his back with a

---

[1] 100 N.J. 627 (1985).

gunshot wound to his abdomen.  Id. at 3.  There were no firearms on the scene.  Ibid.

Several witnesses testified at trial.  Id. at 5.  One witness saw a man in gray handling a gun; at least two witnesses saw the man in gray handling a gun and firing it; and another saw the man running from the scene following the shooting.  Ibid.  The police found surveillance camera images of a man wearing gray at the scene at the time of the shooting.  Id. at 6.  They arrested defendant, who was hiding in a basement located within walking distance of the scene.  Ibid.  A subsequent search of the basement yielded gray clothing, including a sweat jacket and sweatpants.  Ibid.

During defendant's stay in jail following his arrest, he told two fellow inmates he shot the victim.  Ibid.  He told one of the inmates he was wearing gray during the shooting and explained why the gun "wouldn't be found."  Ibid.  Defendant told the same inmate the victim had threatened his son and that defendant planned to lie to the prosecutor and blame the shooting on a different man.  Ibid.  Defendant also told the second inmate that he retaliated against the victim by shooting him, and planned to mislead the prosecutor by saying "he wore a blue shirt on the day of the shooting."  Ibid.

A-2596-21

Defendant gave the prosecutor a sworn statement blaming the shooting on another man and claiming he was wearing blue and the other man was the one wearing gray. Id. at 7. He claimed the victim and another man came to his home six months prior to the shooting and threatened defendant for giving police information regarding one of the victim's associates. Ibid. On the day of the incident, he and the shooter ran into the victim and another man. Ibid. The victim was armed and threatened to shoot defendant. Ibid. As defendant ran away, the victim pulled a gun, as did the man in gray, and defendant saw the man in gray shoot the victim. Ibid.

Defendant then took the stand at trial and repudiated his statement. Ibid. For the first time, he claimed he shot the victim in self-defense because the victim and his associate had threatened defendant for implicating one of the victim's other associates in a crime leading to that associate's arrest. Ibid. Defendant admitted his statement to the prosecutor was a lie, that he was the man depicted in the surveillance video, and that he wore the gray clothing police found during the search. Id. at 8.

At sentencing, the judge found the following aggravating factors: one, the nature and circumstances of the offense, N.J.S.A. 2C:44-1(a)(1); three, the risk defendant will reoffend, N.J.S.A. 2C:44-1(a)(3); six, the extent of defendant's

criminal record and seriousness of his conviction, N.J.S.A. 2C:44-1(a)(6); and nine, the need for deterring the defendant and others from violating the law, N.J.S.A. 2C:44-1(a)(9). He also found the following mitigating factors: three, defendant acted under strong provocation, N.J.S.A. 2C:44-1(b)(3); four, substantial grounds tending to excuse misconduct, N.J.S.A. 2C:44-1(b)(4); five, the victim induced or facilitated commission of the crime, N.J.S.A. 2C:44-1(b)(5); seven, defendant had very little prior criminal record, N.J.S.A. 2C:44-1(b)(7); and eight, defendant's conduct was the result of circumstances unlikely to recur, N.J.S.A. 2C:44-1(b)(8). The judge placed "great weight" on aggravating factors one, six, and nine; he placed "some weight" on mitigating factors three and five and stated mitigating factor eight "does not have great weight." He found "the aggravating . . . and mitigating factors to be in equipoise."

The judge merged count two into count one "and sentenced defendant to thirteen years' incarceration subject to the No Early Release Act's [NERA's] eighty-five percent parole ineligibility. See N.J.S.A. 2C:43-7.2. He imposed a consecutive seven-year term, half of which he made parole ineligible, on count three . . . ." Washington, slip op. at 2-3. On the "unlawful possession of a handgun [charge], the judge imposed a consecutive seven-year sentence as

A-2596-21

called for in the plea agreement, subject to three and one-half years of parole ineligibility. Thus, defendant's aggregate sentence was twenty-seven years, of which eighteen years and one month was parole ineligible." Id. at 3.

In addition to challenging his convictions in the prior appeal, defendant challenged his sentence, and specifically argued as follows:

> POINT III
>
> A RESENTENCING REMAND IS REQUIRED BECAUSE (1) THE COURT IMPOSED CONSECUTIVE TERMS WITHOUT CONSIDERING THE STATE V. YARBOUGH FACTORS; (2) THE CONSECUTIVE TERMS ALSO VIOLATED PRECEDENT; AND (3) THE COURT ERRED BY NOT CONSIDERING MITIGATING FACTOR [TWELVE].
>
> [Id. at 8-9.]

The only sentencing-related argument we found necessary to consider was defendant's assertion the judge did not address Yarbough. We held "the judge did not provide any explanation for imposing two consecutive seven-year terms. While he cited Yarbough in his oral decision and in the judgments of convictions for each of the three indictments, he did not analyze the Yarbough factors." Id. at 18. We vacated the sentence and remanded it for further proceedings consistent with our opinion. Id. at 19.

6

At the resentencing, defense counsel argued the court should reassess the aggravating and mitigating factors, and pursuant to State v. Randolph, 210 N.J. 330, 354 (2012), "view defendant as he stands before the [c]ourt on that day . . . ." Pursuant to N.J.S.A. 2C:44-5(h), defense counsel argued the judge should impose a concurrent sentence because the imposition of the consecutive sentence would create a serious injustice as defendant had actively engaged in rehabilitation. Counsel argued State v. Copling, 326 N.J. Super. 417, 442 (App. Div. 1999), mandated the aggravated manslaughter sentence run concurrent to the weapons possession offense related to the aggravated manslaughter.

The State argued the court need only conduct a proper Yarbough analysis and determine whether defendant's sentences should run consecutively or concurrently, not sentence defendant anew. It further argued the consecutive sentence the court already imposed on the gun and manslaughter convictions was correct.

The sentencing judge found although Randolph required a new sentencing, in that case the Supreme Court

> did not . . . explicitly vacate or set aside the sentence imposed, . . . [or] specifically limit the remand order to the original sentencing record as it . . . [was.]
>
> However, . . . defendant's sentence was remanded for reconsideration and for justification, both of the

7

consecutive nature of the sentences and the imposition of maximum terms[,] which are two separate considerations.

The judge then conducted a <u>Yarbough</u> analysis and reconsidered the consecutive nature of the sentences. Regarding the unlawful possession of a weapon conviction, he explained the imposition of a consecutive term was statutory in nature. The "plea agreement specifically called for consecutive sentences . . . to any sentence imposed under . . . N.J.S.A. 2C:44-5(h)."

The judge acknowledged he could "impose a non-consecutive sentence, if after considering 'the character and conditions of the defendant' . . . [he found] the imposition of consecutive sentence[s] would be a serious injustice which overrides the need to deter such conduct by others." However, there was "absolutely no evidence" defendant would suffer a serious injustice because:

> [D]efendant was arrested. He had a gun . . . confiscated by the police and . . . thereafter, knowingly obtained a second handgun . . . which was eventually used . . . in an action which resulted in a fatality. The need for specific and general deterrents here is overwhelming.

> Therefore, I . . . find no . . . evidence . . . a consecutive sentence is not required.

The judge conducted a <u>Yarbough</u> analysis on count three, which was another unlawful possession of a handgun conviction. He found: the

convictions were "predominantly independent of each other" because defendant illegally possessed the gun for a significant period before the separate act of violence of shooting the victim. The possession of the firearm for that amount of time "allowed . . . the shooting . . . to take place"; "the crimes were committed at different times and different places"; and defendant had prior convictions. Further, the punishment fit the crime because "defendant possessed the handgun . . . prior to" the day of the shooting, and he unlawfully possessed the gun before and after the shooting. And defendant had previously been arrested for possession of a handgun without a permit and knew it was a violation of the law, which required general deterrents and "specific deterrents with regard to illegally . . . possessing a weapon . . . ."

The judge considered the fact defendant had been convicted of unlawful possession of a weapon, was on pretrial release for committing a drug offense, and then obtained another gun, which he used to shoot the victim. He concluded the unlawful possession convictions should run consecutively to the aggravated manslaughter conviction because he did "not . . . ha[ve] discretion[,] . . . there are no facts which would overrule [N.J.S.A. 2C:44-5(h)] . . . and the second degree . . . possession" conviction from 2018 is "separate and distinct from the facts surrounding the shooting."

A-2596-21

The judge sentenced defendant to the same sentence and applied the same aggravating and mitigating factors. On April 22, 2022, the judge entered a new judgment of conviction memorializing the sentence.

Defendant raises the following arguments on this appeal:

> POINT I    AFTER THE APPELLATE DIVISION VACATED DEFENDANT'S SENTENCE AND REMANDED FOR RESENTENCING, THE JUDGE INCORRECTLY INTERPRETED THE RESENTENCING ORDER TO REQUIRE ONLY A STATEMENT OF REASONS, NOT A DE NOVO REVIEW OF THE SINCE-VACATED SENTENCE. BECAUSE THE JUDGE FAILED TO SENTENCE THE DEFENDANT ANEW, A REMAND FOR RESENTENCING IS AGAIN REQUIRED.
>
> > A.    When an Appellate Court Vacates the Sentence and Remands for Resentencing, a Defendant Is Entitled to Be Sentenced Anew.
> >
> > B.    Here, This Court Vacated [Defendant's] Sentence and Remanded for Resentencing. Thus, [Defendant] Was Entitled to Be Sentenced Anew.
> >
> > C.    Although This Court's Order Entitled [Defendant] to Be Sentenced Anew, the Law Division Did Not Comply.
> >
> > > 1.    The Judge Refused to Make Renewed Findings on the Appropriate Length of Each Prison Term.
> > >
> > > 2.    The Judge Refused To Make Renewed Findings on the Relevant

10

N.J.S.A. 2C:44-1 Aggravating and Mitigating Sentencing Factors.

3.    The Judge Refused to Make Findings on New Mitigating Evidence Presented by Defense Counsel.

4.    The Judge Failed to Order a New Pre-Sentence Report and Psychological Evaluation.

5.    The Judge Failed to Give [Defendant] an Opportunity to Address the Court Before Being Resentenced.

D.    The Judge Erred by Reimposing Three Consecutive Terms.

1.    The Judge Erred by Imposing a Consecutive Sentence for Possessing the Weapon Used to Commit Manslaughter.

2.    The Judge Erred by Failing to Evaluate the N.J.S.A. 2C:44-1 Factors, Absent Which the Court Could Not Meaningfully Assess the Overall Fairness of Three Consecutive Terms.

3.    The Judge Erred by Double Counting Aggravating Factors.

4.    The Judge Erred by Not Evaluating the Real-Time Consequences of Consecutive NERA and Graves Act Sentences.

5.    The Judge Erred by Imposing a Consecutive Sentence for Possessing a

11

Weapon Without Any Yarbough/Torres[2] Analysis.

E. This Court Must Remand to a Different Judge for Resentencing.

I.

Sentencing decisions are discretionary in nature. State v. Cuff, 239 N.J. 321, 347 (2019). Therefore, we review a sentence for an abuse of discretion. State v. Jones, 232 N.J. 308, 318 (2018). We defer to the sentencing court's factual findings and should not "second-guess" them. State v. Case, 220 N.J. 49, 65 (2014). We "must affirm the sentence of a trial court unless: (1) the sentencing guidelines were violated; (2) the findings of aggravating and mitigating factors were not 'based upon competent credible evidence in the record;' or (3) 'the application of the guidelines to the facts' of the case 'shock[s] the judicial conscience.'" State v. Bolvito, 217 N.J. 221, 228 (2014) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)). "To facilitate meaningful appellate review, trial judges must explain how they arrived at a particular sentence." Case, 220 N.J. at 65.

"[T]rial judges have discretion to decide if sentences should run concurrently or consecutively." State v. Miller, 205 N.J. 109, 128 (2011); see

_____

2  State v. Torres, 246 N.J. 246 (2021).

N.J.S.A. 2C:44-5(a). Judges are permitted to impose consecutive sentences after considering the <u>Yarbough</u> factors, which are as follows:

> (1) there can be no free crimes in a system for which the punishment shall fit the crime;
>
> (2) the reasons for imposing either a consecutive or concurrent sentence should be separately stated in the sentencing decision;
>
> (3) some reasons to be considered by the sentencing court should include facts relating to the crimes, including whether or not:
>
>> (a) the crimes and their objectives were predominantly independent of each other;
>>
>> (b) the crimes involved separate acts of violence or threats of violence;
>>
>> (c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;
>>
>> (d) any of the crimes involved multiple victims;
>>
>> (e) the convictions for which the sentences are to be imposed are numerous;
>
> (4) there should be no double counting of aggravating factors;
>
> (5) successive terms for the same offense should not ordinarily be equal to the punishment for the first offense; and

(6) there should be an overall outer limit on the cumulation of consecutive sentences for multiple offenses not to exceed the sum of the longest terms (including an extended term, if eligible) that could be imposed for the two most serious offenses.

[100 N.J. at 643-44.]

The Yarbough factors are applied qualitatively, not quantitatively. State v. Carey, 168 N.J. 413, 427 (2001). A court may impose consecutive sentences even though a majority of the Yarbough factors support concurrent sentences. Id. at 427-28; see also State v. Swint, 328 N.J. Super. 236, 264 (App. Div. 2000) (explaining even when "offenses [are] connected by a 'unity of specific purpose,' . . . somewhat interdependent of one another, and were committed within a short period of time of one another," concurrent sentences need not be imposed) (citations omitted). "When a sentencing court properly evaluates the Yarbough factors in light of the record, the court's decision will not normally be disturbed on appeal." Miller, 205 N.J. at 129.

Our Supreme Court has noted "that remands for resentencing 'cover a range of proceedings, from vacated sentences which required sentencing anew to mere corrections of technical errors.'" State v. Robinson, 217 N.J. 594, 610-11 (2014) (emphasis added) (quoting Randolph, 210 N.J. at 350). When a remand order is "not only for the reconsideration and justification of the

consecutive nature of the sentences, but also for the same reconsideration and justification for the imposition of maximum terms, [it] necessarily requires a new analysis of the aggravating and mitigating factors." Randolph, 210 N.J. at 354. However, if the remand order "specifies a different and more limited resentencing proceeding" or "the remand order is limited in scope[,]" the trial court need not engage in such an involved hearing. Id. at 351, 354. Indeed, the remand proceedings may be "circumscribed by the remanding appellate body's delineation that a limited proceeding is sufficient." Id. at 352. See also State v. Bellamy, 468 N.J. Super. 29, 39-40 (App. Div. 2021) ("When [this court] comment[s] on errors . . . that statement is binding.").

We remanded defendant's sentence because the judge "did not engage in the necessary . . . Yarbough analysis." Washington, slip op. at 18. We noted the State argued consecutive terms were appropriate because the

> unlawful possession of a handgun charges were separate from the aggravated manslaughter conviction and . . . at least one of the handgun offenses was committed after defendant had been released pending disposition of a previous offense . . . . However, the judge made no mention of even these considerations. Thus, the sentence is vacated.
>
> [Id. at 19.]

It is clear we vacated the sentence because of missing <u>Yarbough</u> findings. We did not direct the trial judge to reconsider the length of the sentence or re-evaluate the aggravating and mitigating factors. Nor was the judge required to order a psychological evaluation, which had not previously been ordered, along with an updated presentence report. <u>See</u> <u>State v. Tavares</u>, 286 N.J. Super. 610, 616 (App. Div. 1996) (stating "depending on the scope of the remand, the presentence report may be updated" at the discretion of the trial judge). The judge followed our instructions in resentencing defendant. His analysis of the <u>Yarbough</u> factors supported consecutive sentences.

II.

The other arguments raised by defendant also do not warrant a reversal. In <u>Bellamy</u>, we ordered a full resentencing to enable the trial court to consider then-new mitigating factor fourteen, N.J.S.A. 2C:44-1(b)(14), which became law while the appeal was pending. 468 N.J. Super. at 47-48. N.J.S.A. 2C:44-1(b)(14) does not apply to defendant because he was twenty-seven years old when he shot the victim.

In <u>State v. Jones</u>, the Court explained a deprivation of the right to allocution pursuant to <u>Rule</u> 3:21-4(b) is a structural error, requiring remand. 232 N.J. 308, 318-19 (2018). <u>Rule</u> 3:21-4(b) provides, in pertinent part, that

16

"[b]efore imposing sentence the court shall address the defendant personally and ask the defendant if he or she wishes to make a statement in his or her own behalf and to present any information in mitigation of punishment."  Defendant was afforded the right of allocution at his initial sentencing hearing.

The judge did not double-count aggravating factor N.J.S.A. 2C:44-1(a)(9), the need to deter defendant and others.  As we noted, he found this aggravating factor at the original sentencing.  In assessing the Yarbough factors on remand, he stated:  "[T]he sentencing [j]udge may impose a non-consecutive sentence, if after considering 'the character and conditions of the defendant', [the judge] finds the imposition of consecutive sentence[s] would be a serious injustice which overrides the need to deter such conduct by others."  This was a direct reference to the N.J.S.A. 2C:44-5(h), not N.J.S.A. 2C:44-1(a)(9).

We reject defendant's contention the judge violated the holding in State v. Marinez, which admonished that in reviewing the length of a sentence, courts must "be mindful of the real-time consequences of NERA and the role that it customarily plays in the fashioning of an appropriate sentence."  370 N.J. Super. 49, 58 (App. Div. 2004).  At the initial sentencing, the judge explained defendant would be parole ineligible for three-and-one-half years on the second-degree unlawful possession of a weapon conviction pursuant to the plea agreement; he

explained defendant faced three-and-one-half years of parole ineligibility as a result of the jury conviction on the second-degree unlawful possession of a weapon offense; and would have to serve eighty-five percent of the aggravated manslaughter sentence without parole eligibility pursuant to NERA.

The judge also considered the overall fairness of the sentence under Torres. 246 N.J. at 268. He stated:

> [T]he [c]ourt strongly believes that it is [fair]. Here[, defendant] committed [unlawful possession of a weapon] in 2016. He was out on bail, commits . . . a drug offense, is out on . . . pretrial release . . . .
>
> And then goes out and obtains a handgun . . . which . . . is involved in a shooting in which someone is . . . killed. It's only fair that . . . his repeated offenses . . . [of] illegal possession[] of a weapon . . . be consecutive to the sentence imposed . . . in the aggravated [manslaughter].

The judge clearly followed Torres, and this argument lacks merit. R. 2:11-3(e)(2).

In sum, the sentencing decision was not an abuse of discretion. The judge followed the law, analyzed the aggravating and mitigating factors, assessed the fairness of the sentence, and the sentence does not shock our judicial conscience. To the extent we have not addressed an argument raised on appeal, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-

18

3(e)(2). For these reasons, we also reject defendant's argument the matter should be remanded to a different judge on grounds the judge did not follow our instructions; he clearly did.

Finally, defendant argues the judgment of conviction provided him prior service credit only until March 24, 2022. He seeks prior service credit as of the date of resentencing, which was April 1, 2022. Rule 3:21-8(a) states a "defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail . . . between arrest and the imposition of sentence."

The judgment of conviction provides defendant with prior service credit from October 29, 2018, to March 24, 2022—1,243 days. The judge stated he intended to calculate jail credit up until the day before resentencing. For these reasons, we remand the judgment of conviction for correction to note defendant is awarded seven additional days of prior service credit, for the period between March 24 and 31, 2022.

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2596-21