**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0812-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARTIN ROBLES, a/k/a
PONCHO, PUNCH, MARTIN
ROBLES CANDELARIO, and
ROBERT SANTIAGO,

    Defendant-Appellant.

_____

Argued February 27, 2024 – Decided March 7, 2024

Before Judges Natali and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 96-10-1184.

Martin Robles, appellant, argued the cause pro se.

Michael Christopher Mauro, Assistant Prosecutor, argued the cause for respondent (Angelo J. Onofri, Mercer County Prosecutor, attorney; Laura C. Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Martin Robles appeals from an August 20, 2021 order that denied his application to correct an illegal sentence and an October 6, 2022 order that denied his motion for a reduction or change in his sentence. He urges us to remand for a hearing and argues the Law Division judge erred in denying his applications because he failed to consider defendant's efforts at rehabilitation while incarcerated and newly-enacted mitigating factor fourteen, N.J.S.A. 2C:44-1(b)(14) (mitigating factor fourteen), in light of his youthful age when he committed the offenses that led to his convictions. We disagree with all of his arguments and affirm.

Following a jury trial, defendant was convicted of first-degree murder, N.J.S.A. 2C:11–3a(1), (2); first-degree felony murder, N.J.S.A. 2C:11–3a(3); first-degree armed robbery, N.J.S.A. 2C:15–1; second-degree conspiracy to commit robbery, N.J.S.A. 2C:15–1 and N.J.S.A. 2C:5–2; first-degree kidnapping, N.J.S.A. 2C:13–1b; second-degree burglary, N.J.S.A. 2C:18–2a(1); second-degree possession of a weapon (shotgun) for an unlawful purpose, N.J.S.A. 2C:39–4a; and third-degree possession of a weapon (crossbow) for an unlawful purpose, N.J.S.A. 2C:39–4d.[1] On September 18, 1998, the court

---

[1] The facts leading to defendant's convictions are detailed in our opinion in which we affirmed the denial of Juan Soto's, defendant's co-defendant, PCR

sentenced defendant to an aggregate base term of life imprisonment plus twenty years, with an aggregate forty-year period of parole ineligibility.

Defendant appealed his convictions, alleging, in part, that the verdict was against the weight of the evidence. He also challenged his sentence. We affirmed, and our Supreme Court denied certification. State v. Robles, No. A-2589-00 (App. Div. March 26, 2004), certif. denied, 180 N.J. 456 (2004). We also affirmed the denial of defendant's petition for post-conviction relief. State v. Robles, No. A-5809-09 (App. Div. Nov. 10, 2011), and the Supreme Court again denied certification. State v. Robles, 210 N.J. 217 (2012).

On February 5, 2021, defendant filed a pro se motion to correct an illegal sentence pursuant to Rule 3:21-10(b)(5). In his application, defendant contended his sentence was "illegal because according to New Jersey [l]aw, the sentences should have been merged pursuant to [Rule] 3:21[-10](b)(5)" and the "sentencing court did not consider facts and statutory factors necessary to the imposition of the correct sentence."

On August 21, 2021, the judge denied defendant's application and explained in his written statement of reasons that defendant failed to "allege any

petition. See State v. Soto, No. A-1478-06 (App. Div. Jan. 15, 2008) (slip op. at 1-3).

specific facts or cite to any applicable law in his moving papers" supporting relief under Rule 3:21-10(b)(5).  The judge noted when we affirmed defendant's sentence, we stated the sentencing judge properly merged defendant's convictions and the sentence did not "shock our judicial conscience."  State v. Robles, No. A-2589-00 (App. Div. March 26, 2004) (slip op. at 18).

The judge also noted we determined the sentencing court "correctly applied the guidelines pertaining to concurrent and consecutive sentences," consistent with State v. Yarbough, 100 N.J. 627 (1985).  Id. at 19.  The judge further explained we were satisfied the sentencing court did not abuse its discretion because its findings of aggravating and mitigating factors were based on competent and credible evidence, the sentencing guidelines were properly applied, and the sentence was not manifestly excessive nor unduly punitive.  Ibid.

On June 13, 2022, defendant filed a pro se motion for a reduction of sentence under Rule 3:21-10(b)(4).  In support, defendant argued recently enacted mitigating factor fourteen should be applied retroactively, requiring he be resentenced as he was only twenty-three years old when sentenced in 1998.

The same judge denied defendant's Rule 3:21-10(b)(4) motion in an October 6, 2022 order.  In its accompanying written statement of reasons, the

A-0812-22

judge relied on our Supreme Court's decision, State v. Lane, 251 N.J. 84, 87-88 (2022). In doing so, he acknowledged the Legislature amended N.J.S.A. 2C:44-1 in 2020 to add mitigating factor fourteen if "[t]he defendant was under [twenty-six] years of age at the time of the commission of the offense," but noted, however, based on the Lane court's holding, mitigating factor fourteen is to be applied prospectively only, and only for those defendants sentenced on or after its effective date of October 19, 2020.

The judge also recognized Lane permitted mitigating factor fourteen to be applied in cases where a defendant is resentenced, but only when the reason for resentencing is unrelated to mitigating factor fourteen. Because defendant was sentenced in 1998, and otherwise failed to set forth any "independent basis for relief," the judge concluded mitigating factor fourteen did not apply and denied defendant's application.

This appeal followed in which defendant raises the following points:

> POINT I
>
> TRIAL COURT ERRED BY NOT CONSIDER[ING] THE APPELLANT'S REHABILITATION PROGRAMS PRESENTED ON HIS MOTION AND BY NOT GRANTING HIM A HEARING OR AN EVIDENTIARY HEARING BASED ON RULE 3:21-10(B)(4).

POINT II

MOTION SHOULD BE REMANDED TO THE LAW COURT TO MODIFY OR CHANGE OF SENTENCE IN THE INTEREST OF JUSTICE DUE TO APPELLANT'S YOUTHFUL AGE AT THE TIME OF THE OFFENSE AND ALL OF HIS REHABILITATION TAKING DURING THE TIME OF INCARCERATION.

We reject all of defendant's arguments and affirm substantially for the reasons expressed by the judge in his written statement of reasons and further conclude defendant's contentions lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We provide the following comments to amplify our decision.

We first note Rule 3:21-10 addresses the reduction and change of sentences and provides motions filed under paragraph (b), such as defendant's, "shall be accompanied by supporting affidavits and such other documents and papers as set forth the basis for the relief sought." R. 3:21-10(c). Additionally, such motions only warrant a hearing when "the court, after review of the material submitted with the motion papers, concludes that a hearing is required in the interest of justice." R. 3:21-10(c).

Under Rule 3:21-10(b)(5), "an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal

6

Justice." See State v. Acevedo, 205 N.J. 40, 47 n.4 (2011) ("[A] truly 'illegal' sentence can be corrected 'at any time'") (quoting R. 3:21-10(b)(5); R. 3:22-12). "[A]n illegal sentence is one that 'exceeds the maximum penalty . . . for a particular offense' or a sentence 'not imposed in accordance with law.'" Id. at 45 (quoting State v. Murray, 162 N.J. 240, 247 (2000)). "That includes a sentence 'imposed without regard to some constitutional safeguard.'" State v. Zuber, 227 N.J. 422, 437 (2017) (quoting State v. Tavares, 286 N.J. Super. 610, 618 (App. Div. 1996)). "Whether [a] defendant's sentence is unconstitutional is . . . an issue of law subject to de novo review." State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016) (citing State v. Pomianek, 221 N.J. 66, 80 (2015)).

As the judge correctly concluded, the sentencing court properly merged defendant's various convictions and correctly applied the guidelines with respect to concurrent and consecutive sentences, resulting in defendant's sentence of life imprisonment plus twenty years, with an aggregate forty-year period of parole ineligibility. Because this sentence was in the authorized range for the crimes of which defendant was convicted, his sentence was neither illegal nor unconstitutional, and defendant is not entitled to resentencing under Rule 3:21-10(b)(5), regardless of his rehabilitative efforts while incarcerated. See State v. Bass, 457 N.J. Super. 1, 14-15 (App. Div. 2018) ("consideration of [defendant's

rehabilitative efforts] is exclusively the province of the parole board and not a means of collateral attack on defendant's sentence—which has been affirmed on direct appeal").

With respect to defendant's appeal from the court's October 6, 2022 order, under Rule 3:21-10(b)(4), "an order may be entered at any time . . . changing a sentence as authorized by the Code of Criminal Justice."  This exception permits "a defendant serving a sentence greater than the Code authorized maximum for an equivalent pre-Code offense, to move for resentencing under the Code."  State v. James, 343 N.J. Super. 143, 147 (App. Div. 2001) (internal citations omitted).

For similar reasons as stated above, the judge correctly concluded defendant is not entitled to relief under Rule 3:21-10(b)(4) based on the new mitigating factor fourteen, as that factor is inapplicable to defendant's sentence imposed in 1998.  As discussed, mitigating factor fourteen became effective on October 19, 2020, and in Lane, our Supreme Court made clear this sentencing provision is to be given prospective application only.  251 N.J. at 96-97 ("In short, nothing in N.J.S.A. 2C:44-1(b)(14)'s statutory text warrants a determination that the presumption of prospective application is overcome.").  This prospective application also applies when a defendant is resentenced for reasons unrelated to mitigating factor fourteen.  Id. at 97 n.3.

A-0812-22

Notably, the facts here are distinguishable from those in State v. Rivera, 249 N.J. 285, 302-04 (2021), where there was an independent basis to remand for resentencing, i.e., the mistaken treatment of the defendant's youth as an aggravating factor, and the court was therefore free to consider mitigating factor fourteen on resentencing. Here, however, defendant exhausted his avenues of appeal several years before N.J.S.A. 2C:44-1(b)(14) was enacted, and we agree with the court there is no independent basis to remand and review defendant's sentence because of the enactment of a new mitigating factor.

Because defendant is not entitled to resentencing under Rule 3:21-10(b)(4) or (5), the judge did not err in declining to conduct a hearing. We acknowledge defendant's participation and completion of various programs while incarcerated. Such efforts can be brought forward and considered by the State Parole Board when he is eligible for parole. See State v. Tormasi, 466 N.J. Super. 51, 67-68 (App. Div. 2021).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0812-22