**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0094-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LIONELL G. MILLER,

    Defendant-Appellant.

_____

Submitted December 4, 2025 – Decided February 17, 2026

Before Judges Bishop-Thompson and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 95-01-0128.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Julie Serfess, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Lionell G. Miller appeals from the February 28, 2024 Law Division order denying his motion to reduce his sentence. We affirm.

A jury convicted defendant of first-degree felony murder, N.J.S.A. 2C:2-6, :11-3(a)(3); first-degree robbery, N.J.S.A. 2C:2-6, :15-1(a)(1) and (2); second-degree aggravated assault, N.J.S.A. 2C:2-6, :12-1(b)(1); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:2-6, :39-4(a). He was sentenced to an aggregate life term in prison with a thirty-year parole ineligibility period. At the time of the underlying robbery and shooting, defendant was eighteen years old.

We affirmed defendant's convictions and sentence. State v. Miller, No. A-4184-96 (App. Div. Apr. 7, 1999) (slip op. at 8), certif. denied, 161 N.J. 331 (1999). In rejecting defendant's challenge to the sentence, we concluded "the judge's use of the aggravating factors was supported by the record, the sentence imposed was within statutory guidelines, and the judge's application of the facts to the law neither demonstrates a clear error of judgment nor shocks the judicial conscience." Id. at 7-8.

After reversing and remanding the denial of defendant's first petition for post-conviction relief (PCR) on procedural grounds, State v. Miller, No. A-0399-01 (App. Div. Feb. 20, 2003) (slip op. at 13), we affirmed the subsequent

A-0094-24

denial of the petition, State v. Miller, No. A-5890-05 (App. Div. Dec. 28, 2007) (slip op. at 32).  We also affirmed the denial of defendant's motion for a new trial based on newly discovered evidence.  State v. Miller, No. A-0065-21 (App. Div. July 15, 2024) (slip op. at 8).

On March 8, 2023, defendant filed a motion to reduce his sentence pursuant to Rule 3:21-10(b)(5), which permits the correction of "a sentence not authorized by law including the Code of Criminal Justice."  Although an adult at the time of the offense, defendant requested the court review his sentence as a youthful offender under State v. Comer, 249 N.J. 359, 399-401 (2022).  He also claimed the sentencing court's evaluation of aggravating and mitigating factors was improper because it failed to consider his status as a youthful offender.

On February 28, 2024, after considering arguments of counsel, the court denied the motion in an order and written opinion.  Because defendant was eighteen years of age at the time of the offenses, not a juvenile as defined in N.J.S.A. 2A:4A-22(a), and Comer applies only to juvenile offenders, the court concluded he was not entitled to resentencing.

On appeal, defendant presents the following issues for our consideration:

POINT I.

DEFENDANT'S SENTENCE, WHICH WAS IMPOSED WITHOUT CONSIDERATION THAT HE WAS AN [EIGHTEEN]-YEAR-OLD "LATE ADOLESCENT" AT THE TIME OF THE OFFENSE, IS CRUEL AND UNUSUAL PUNISHMENT. THE ROBUST AND WELL-ESTABLISHED PSYCHOLOGICAL SCIENCE SHOWS THAT THE LAW'S HEIGHTENED PROTECTIONS WHEN SENTENCING JUVENILES SHOULD ALSO APPLY TO PERSONS AGED [EIGHTEEN] TO [TWENTY]. THEREFORE, AND BECAUSE DEFENDANT HAS SERVED OVER [TWENTY-NINE] YEARS, THIS COURT SHOULD REMAND FOR RESENTENCING RATHER THAN IGNORE THE SCIENCE.

A. Juveniles Are Different When It Comes to Sentencing.

B. Late Adolescents Aged [Eighteen]-[Twenty] Are Also Different When It Comes to Sentencing.

C. Because Defendant Has Overcome the Threshold Hurdle That He is Entitled to a Review of His Sentence, There Must Be a Resentencing at Which the Trial Court Considers the Five Miller[1] Factors and Additional Evidence Relevant to Sentencing. The Motion Court Was Wrong That It Could Not Consider a Comer Hearing Based on the Record and the 1997 Sentencing Court Did Not Consider Defendant's Youth When It Imposed a Life Sentence with [Thirty] Years of Parole Ineligibility.

    1. Defendant Deserves a Resentencing.

---

[1] Miller v. Alabama, 567 U.S. 460 (2012).

4

2. In Addition to Reviewing the <u>Miller</u> Factors, the Resentencing Court Must Reweigh Aggravating and Mitigating Factors, and View Defendant as He Stands Now.

POINT II.

THE SENTENCING AND MOTION COURTS FAILED TO APPRECIATE THAT DEFENDANT HAD A "TWICE DIMINISHED CULPABILITY" BECAUSE HIS ONLY HOMICIDE CONVICTION WAS FOR FELONY MURDER.

POINT III.

FUNDAMENTAL FAIRNESS ALSO REQUIRES A RESENTENCING BECAUSE THE 1997 SENTENCING COURT ENHANCED DEFENDANT'S SENTENCE FOR CONDUCT AS TO WHICH THE JURY FOUND HIM NOT GUILTY, NAMELY PURPOSEFUL MURDER.

POINT IV.

<u>STATE V. JONES</u>, 478 N.J. SUPER. 532 (APP. DIV.), <u>CERTIF. DENIED</u>[,] 259 N.J. 304 (2024)[,] DOES NOT PRECLUDE THE GRANTING OF DEFENDANT'S MOTION BECAUSE THE FACTS IN THIS CASE ARE DIFFERENT FROM THE FACTS IN <u>JONES</u>.

Because a trial court's denial of a motion to correct an illegal sentence is an issue of law, we review the decision de novo. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "[A]n illegal sentence is one that 'exceeds the maximum penalty . . . for a particular offense' or a sentence 'not imposed in

5

accordance with law.'" State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)). This includes a sentence "imposed without regard to some constitutional safeguard." State v. Zuber, 227 N.J. 422, 437 (2017) (quoting State v. Tavares, 286 N.J. Super. 610, 618 (App. Div. 1996)). There is no temporal limit on a court's ability to review an illegal sentence; it can be corrected "at any time." Acevedo, 205 N.J. at 47 n.4 (quoting R. 3:21-10(b)(5)). "If a defendant's sentence is illegal, a reviewing court must remand for resentencing." State v. Steingraber, 465 N.J. Super. 322, 328 (App. Div. 2020) (citing State v. Romero, 191 N.J. 59, 80-81 (2007)).

Recognizing "children are constitutionally different from adults for purposes of sentencing," our Supreme Court established a procedure through which juvenile offenders sentenced under the homicide statute may petition the trial court for review of their sentence after serving twenty years. Comer, 249 N.J. at 384 (quoting Miller, 567 U.S. at 471). We subsequently affirmed the limitation of Comer's holding to juvenile offenders. Jones, 478 N.J. Super. at 552-53. In that consolidated case, the three defendants were between eighteen and twenty years old when they committed homicide. Id. at 541, 544, 547. They each sought resentencing, arguing the Comer sentencing review procedure "should extend to youthful offenders between the ages of eighteen and twenty

when they committed their offenses," id. at 534-35, because "developmental science recognizes no meaningful cognitive differences between juveniles and young adults," id. at 542.

Following an extensive review of the "guiding legal principles" applicable to the sentencing of juvenile offenders, id. at 535-40, we declined to extend the holding in Comer to youthful offenders, id. at 549. We found "the Court's decision was limited to juvenile offenders tried and convicted of murder in adult court." Ibid. In reaching our conclusion, we relied in part on State v. Ryan, 249 N.J. 581 (2022), an opinion the Court issued one month after deciding Comer. Jones, 478 N.J. Super. at 549-50.

In Ryan, the Court observed: "The Legislature has chosen eighteen as the threshold age for adulthood in criminal sentencing. Although this choice may seem arbitrary, 'a line must be drawn,' and '[t]he age of [eighteen] is the point where society draws the line for many purposes between childhood and adulthood.'" 249 N.J. at 600 n.10 (alterations in original) (quoting Roper v. Simmons, 543 U.S. 551, 574 (2005)); see also Jones, 478 N.J. Super. at 551 (citing N.J.S.A. 2A:4A-22(a) (defining a juvenile as an individual "under the age of [eighteen] years") and N.J.S.A. 2A:4A-22(b) (defining an adult as "an individual [eighteen] years of age or older")).

A-0094-24

In Jones, we further noted "our [limited] institutional role as an intermediate appellate court." 478 N.J. Super. at 551. Bound by the Supreme Courts of the United States and this state, we declined "to disturb the motion judges' decisions, which emphasized the Supreme Court in Comer limited its decision to juveniles." Ibid. We reach the same conclusion in this case. Because defendant has not demonstrated any basis to deviate from our opinion in Jones, we affirm the order denying defendant's motion to reduce his sentence.

For the first time on appeal, defendant argues the sentencing and motion courts erred by failing to consider his diminished culpability based on his status as a youthful offender and his conviction for felony murder as opposed to murder. We ordinarily decline to consider issues not properly presented to the trial court unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see also State v. Witt, 223 N.J. 409, 419 (2015). Neither circumstance is present in this matter. Moreover, defendant's newly minted arguments do not persuade us to revisit our prior determination the sentence imposed was grounded in the record and comported with the law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

_M.C. Harley_

Clerk of the Appellate Division

A-0094-24